Nash, C. J.
 

 The possession of one tenant in common is, in law, the possession of all his co-tenants, because they claim by one common right. When, however, that possession has been continued for a great number of years, without any claim from another who has a right, and is under no disability to assert it, it will be considered evidence of title to such sole possession ; and where it has so continued for twenty years, the law raises a presumption that it is rightful, and will protect it. This it will do, as well from public policy, to prevent stale demands, as to protect possessors from the loss of evidence from lapse of time.
 
 Thomas et ux.
 
 v.
 
 Garvan,
 
 4 Dev. 223, and
 
 Cloud
 
 v.
 
 Webb,
 
 Ib. 290. Possession, then, for twenty years under the above circumstances, will amount to a disseisin or ouster of the co-tenant, and furnishes a legcd presumption of the fact necessary to uphold an exclusive possession: — as that the possession was adverse in its commencement, and tolls the entry of the tenant not in possession. It was said at the bar, that the law cannot give a right and take it away at the same moment. This objection is more specious than sound. A tenant in common out of possession, can, at any time, take
 
 *469
 
 possession with him in sole possession ; or, if the latter will not permit him so to do, and keeps him out, it will be a disseisin, and give a right of action. But if he suffer the sole possession to run on without entry or demand for twenty years, the law says to him — by your negligence you have lost your right of entry, without which you cannot support an action of ejectment. At any time, then, during the twenty years, the tenant out of possession had a right, and might have enforced it by an action. The title of the lessors of the plaintiff, and of the defendant united in Mrs. Jane Duncan, their mother, who died in 1826 or 1827. Before that time, the defendant went into the sole possession of the premises in question under her who was seised in fee, and continued such possession up to the time this action was brought, without any demand of payment or rent by the lessors of the plaintiff, or to be let into possession. The action was brought in October, 1849. The defendant’s sole possession, from the death of her mother, had
 
 then
 
 continued twenty-three years
 
 ■,
 
 the lessors of the plaintiff had lost their right of entry, and could not maintain their action ; and the jury ought to have been so instructed. The Act of 1715 has no application to the case.
 

 Per CuniAM. Judgment reversed, and a
 
 venire de novo
 
 awarded.