The plaintiffs filed a petition for partition of real estate, alleging that they and the defendants were tenants in common of the same. The defendants denied the tenancy in common and pleaded adverse possession for twenty years, sole seizin, and statute of limitations. The facts are as follows:
In 1831, Alexander Neely being the owner in fee of the land in controversy died leaving a last will and testament in which he devised said land to two of his children, Julius and Euphemia; the latter died in August, 1843, at the age of about 12 years, leaving as her only heirs at law the said Julius Neely, and Nathan and Franklin Neely, who were her brothers. The land was rented by the guardian of the said children of the testator after the death of his widow, and the rents collected by the guardian and divided among the children entitled, up to 8 March, 1849.
The said Julius became of age on 28 February, 1849, and was in possession of the land from the said 8 March until his death in (479) 1874, during which period he paid taxes upon the same, and received the rents without accounting to any one; and it was admitted that during his life time he bought the interest of his brother Nathan in said land.
The said Franklin died in 1858, devising his lands to his three children, the plaintiffs in this suit, who now claim the interest of their ancestors in the land which descended to him as one of the heirs at law of the said Euphemia, and insist that they are tenants in common with the defendants (who are in possession as the heirs at law of the said Julius) and are therefore entitled to one-sixth of the land.
There was no evidence showing a demand upon Julius by Franklin Neely during his life time or by the guardian of his children after his death, for the rents of the land or any part thereof; nor was there any evidence of a refusal on the part of Julius Neely to account for the same.
Upon these facts His Honor was of the opinion that the defendants had failed to sustain their pleas, and adjudged that they were not sole seized but tenants in common with the plaintiffs of the land in controversy, and ordered the case to be remanded to the end that a writ of partition may issue, from which ruling the defendants appealed.
As there was no evidence of an adverse holding by the defendants, and those under whom they claim, and as the plaintiffs and defendants are tenants in common of the premises in question, and as such the possession of one party is the possession of the other, nothing less than a sole possession of twenty years by a co-tenant (480) without any demand or claim by another co-tenant to rents, profits, or possession, he being under no disability during the time, will raise a presumption in law that such sole possession is a rightful one and protect it. This has been decided by numerous cases of which it is necessary only to cite two recent ones, Covington v. Stewart, 77 N.C. 148; Linker v.Benson, 67 N.C. 150. Eliminating the time of the suspension of the statute, no such possession appears or is alleged here. Plaintiff's brief cites all the cases.
Affirmed.
Cited: Caldwell v. Neely, 81 N.C. 114; Jones v. Cohen, 82 N.C. 75;Ward v. Southerland, 92 N.C. 93; Roscoe v. Lumber Co., 124 N.C. 47;Woodlief v. Woodlief, 136 N.C. 137; Bullin v. Hancock, 138 N.C. 202;Dobbins v. Dobbins, 141 N.C. 217; Rhea v. Craig, Ib., 611; Worth v.Wrenn, 144 N.C. 662.