JOHN E. GADSBY and others v. JOHN DYER and wife.

*Evidence and Declarations in Ejectment—Impeaching Witness—Title, registration of deed—Fraud.*

1. In an action to convert a deed absolute upon its face into a mortgage, the declarations of the grantor that he owed the grantee

money and wished to sell the land to pay it, made after the deed was executed and while he was in possession of the *locus in quo* jointly with the grantee, are incompetent.

2. One cannot introduce evidence to discredit his own witness, yet if a witness testify to facts which make against the party who called him, the party is not precluded from showing these facts to be otherwise, notwithstanding such evidence has the effect of indirectly impeaching his own witness.

3. The title of a grantor is divested from the time of the delivery of the deed which is subsequently registered.

4. Heirs can only attack a deed of their ancestor for fraud or undue influence used in bringing about its execution; and in such case, only such declarations as tend to prove such fraud or undue influence, made after the conveyance and with unchanged possession, are received. Or, such declarations may be proved in disparagement of the title inferred from possession and use.

5. Where two parties are in possession of land, the possession in law follows the title.

6. Declarations made in the absence of the party to be prejudiced by them are not admissible as against such party.

(*Spencer* v. *White*, 1 Ired., 236; *Shelton* v. *Hampton*, 6 Ired., 216; *Hice* v. *Cox*, 12 Ired., 315; *Kirby* v. *Masten*, 70 N. C., 540; *Yates* v. *Yates*, 76 N. C., 142; *Hilliard* v. *Phillips*, 81 N. C., 99; *Roberts* v *Roberts*, 82 N. C., 29; *Sutliff* v. *Lunsford*, 8 Ired., 318; *Whitesides* v. *Twitty, Ib.*, 431; *Straus* v. *Beardsley*, 79 N. C., 59, cited and approved).

EJECTMENT tried at Spring Term, 1884, of NEW HANOVER Superior Court, before *Shepherd, J.*

The plaintiffs claimed the *locus in quo* as the heirs-at-law of one George Gadsby, and it was conceded that they were his heirs-at-law. The defendants claimed under a deed dated the 7th of November, 1850, executed to defendant Elizabeth by the said George Gadsby. The facts appear in the opinion.

There was a judgment in favor of the defendants, and the plaintiffs appealed from the judgment rendered.

*Messrs. MacRae & Strange*, for plaintiffs.
*Messrs. Russell & Ricaud*, for defendants.

SMITH, C. J.   The deed made on November 7th, 1850, by George Gadsby, the former owner, to his sister, the *feme* defendant, Elizabeth, conveying the lot of land described in the complaint, is impeached by the plaintiffs, his heirs-at-law, and its validity denied upon the ground of an alleged want of legal capacity, or of undue influence exerted over an enfeebled mind by the said Elizabeth.

Upon the coming in of the answer denying these charges, and upon the evidence developed upon an ineffectual trial (in which the jury were discharged) of the issues then arising, the plaintiffs obtained leave and filed an amended complaint, and alleged that the deed was not executed as an absolute conveyance upon the consideration recited, but as a mortgage, so intended by the parties, to secure a loan of money advanced by the said Elizabeth, and its registration fraudulently suppressed, and they demand that the conveyance shall stand as a security for such sum as may have been loaned, to be ascertained upon an inquiry, and that they be allowed on payment to redeem the premises.

The matters in controversy were laid before the jury in the form of three issues, which, with the responses, are as follows:

1. Is the said deed the act and deed of George Gadsby? Answer—Yes.

2. When was the deed executed?   Answer—Seventh day of November, 1850.

3. Did the said Elizabeth Dyer lend any money to George Gadsby, and if so, how much, and was the deed mentioned in the pleadings given to secure the said loan as the consideration therefor?   Answer—She did not loan him any money.

Upon the trial and before the examination of the said Elizabeth, who testified on her own behalf, the plaintiff introduced one George Lamb, and proposed to prove by him, that he was examined as a witness on her behalf (on a for-

mer trial) to prove that between the years 1850 and 1855, the said George Gadsby offered to sell the property in dispute to the witness, stating at the time that he had borrowed money from his sister, and wanted to sell the lot to raise money to pay her back.

It being conceded that both parties to the deed were in actual possession of the lot when the declarations are alleged to have been made, the court refused to hear the testimony, and the plaintiffs excepted.

After the examination of the said Elizabeth, the same evidence was again offered for the purpose of contradicting the plaintiffs' alleging as a ground for its admission that they had made no objection to her examination.

The admissibility of these declarations was urged:

1. For the purpose of estopping the defendants from showing the contrary ;

2. As made while the declarant remained the owner of the lot, the estate therein not being divested until the registration of the deed in June, 1856 ; and

3. As to declarations accompanying a continued and uninterrupted possession of the premises.

We do not give our assent to the sufficiency of any of the reasons assigned in support of the competency of the proof.

1. If the same testimony, now proposed to be reproduced, had been elicited from witnesses produced and examined by the defendants on the present trial, the defendants would not be estopped from showing, by others, a different state of facts; for the testimony of no one or more witnesses precludes the party who introduces them from proving the contrary, and this, notwithstanding the indirect impeachment of their credibility in the repugnance of their evidence. This is not in violation of the rule that a party cannot discredit his own witness. *Spencer* v. *White*, 1 Ired , 236 ; *Shelton* v. *Hampton*, 6 Ired., 216; *Hice* v. *Cox*, 12 Ired., 315.

Still less can such a result be ascribed to the examination of a witness for the defendants on a former, who is not introduced at a subsequent trial, where he is not accredited as truthful to the jury.

Nor was the evidence admissible as a declaration of the owner, made before his conveyance had become effectual by registration. His title was divested from the time of the delivery of the deed, when it was subsequently registered, as effectually as if registered immediately upon delivery.

The third and last ground upon which its reception is based is equally untenable.

The plaintiffs are not impeaching creditors; and declarations made after a conveyance and with unchanged possession have only been received to prove fraud in the making of the deed, which the heirs-at-law are not permitted to show; for they can only show fraud practiced upon him, or undue influence exercised in bringing about the execution, not fraud intended to be perpetrated by himself; or, such declarations may be used in disparagement of the title to be inferred from possession and use. *Kirby* v. *Masten*, 70 N. C., 540; *Yates* v. *Yates*, 76 N. C., 142; *Hilliard* v. *Phillips*, 81 N. C., 99; *Roberts* v. *Roberts*, 82 N. C., 29.

But the case states that both parties to the deed were in actual occupation of the premises. The possession would in law follow the title, and be adjudged to be in the *feme* defendant, so that the case is not one in which a party has conveyed his land and retains possession as before.

The subsequent offer to prove the former testimony was also properly refused. The *feme* defendant was not present when the declarations were alleged to have been made by the deceased, so as not to be supposed to have acquiesced in what was said by silence, and in this aspect she cannot be prejudiced by the utterances of her brother. Nor does it appear what was the testimony of herself which this proof would contradict or disparage. We cannot see any conflict

between their statements, and unless it should appear, we cannot discover any error in the exclusion.

It is the duty of the appellant who complains of the rejection of evidence to show its pertinency and bearing, in order that it may be seen that error has been committed. *Sutliff* v. *Lunsford,* 8 Ired., 318; *Whitesides* v. *Twitty, Ib.,* 431; *Straus* v. *Beardsley,* 79 N. C., 59.

The other defects pointed out in the argument for the appellee, and the insufficiency of the allegations in the complaint in showing a cause of action, we do not deem necessary to consider, since we find no error in the rulings of which the plaintiffs can complain, and our affirmation of the judgment disposes of the case.

No error.                                        Affirmed.