N. B. WARD et als. v. FARMER & SOUTHERLAND.

*Tenants in Common—Statute of Limitations.*

The rule, declared in *Caldwell* v. *Neeley*, 81 N. C., 114, that an ouster of one tenant in common by another will not be presumed from an exclusive use of the common property and the appropriation of its profits to himself for a less period than twenty years; and the result is not changed when one enters to whom a tenant in common has, by deed, attempted to convey the entire tract—affirmed. This rule extends to purchaser of the interest of·a tenant in common at execution sale, and to his vendees.

(*Day* v. *Howard*, 73 N. C., 1, explained and approved; *Cloud* v. *Webb*, 3 Dev., 317; *Caldwell* v. *Neeley*, 81 N. C., 114; *Covington* v. *Stewart*, 77 N. C., 148; *Neeley* v. *Neeley*, 79 N. C., 478, cited and approved).

This was a special proceeding for partition of land commenced before the clerk of Wayne Superior Court, and the defendants having pleaded they were sole seized of the lands in question, and issue having been joined thereon, said issue was transferred for trial by jury in·term to the Superior Court of said county; and the said issue having come on for trial at January Term, 1885, of said court, before His Honor, Judge Gudger: It was

admitted that one Josiah Ward was, in his lifetime, seized in fee of said land, and that the plaintiffs and one W. W. Ward were the only heirs-at-law of the said Josiah Ward, who died prior to the year 1865.

It was further admitted that the plaintiff Frances Kelly, was entitled to recover one fourth, and the plaintiffs John B. Ward and Jane F. Padget together, one eighth of said land.

It was proved that on the 25th day of November, 1870, a judgment against the said W. W. Ward was duly docketed in the county of Wayne, in which said land was situated, and that under an execution duly issuing thereon, the interest of the said W. W. Ward in said land was regularly sold by the sheriff of Wayne county to one A. Day, to whom the said sheriff executed a deed in fee, conveying the interest of said W. W. Ward, in said land, on the 7th day of October, 1870, and that thereafter, to-wit: On the 1st day of January, 1873, the said A. Day conveyed in fee to each of the defendants a part of said land, together constituting the whole thereof, by deeds professing to convey the whole, and not an undivided part thereof to the said grantees. The following issue was submitted to the jury, to-wit:

Were the defendants in the adverse possession of the land in controversy from the 1st day of January, 1873, to the 2nd day of November, 1883? And under said issue the defendants offered a witness, who testified as follows:

The defendants, M. B. Farmer and Needham Southerland, had been in possession of the land in controversy from January 1st, 1873, to November, 1883; that no one else had been in possession, and that the defendants occupied and used the same, claiming it as their own, under their deeds from A. Day; that they built upon the land, cleared it, and otherwise improved the same; that there were marked and visible lines around the land, and that they occupied up to the lines in face of the public, and paid taxes on same.

After argument of counsel, the court instructed the jury that no possession short of twenty years, except after an actual ouster,

would be adverse as against tenants in common, and instructed them to find said issue in the negative. The defendants excepted. The jury found said issue in the negative, and thereupon, His Honor adjudged that the cause be remanded to the Clerk of the Superior Court, in order that further proceedings might be had for the partition of said lands according to law. The defendants excepted.

From this judgment the defendants appealed.

*Messrs. Faircloth & Allen,* for plaintiff.
*Mr. Geo. V. Strong,* for defendants.

ASHE, J., after stating the facts: The only issue presented for our determination by the record in this case is—were the plaintiffs barred by the statute of limitations.

The counsel for defendants contended that by the sheriff's sale of the interest of W. W. Ward in the land in controversy he acquired an absolute right in said interest freed from the obligations of facts arising out of the co-tenancy which existed before the sale, between the said Ward and the plaintiffs, and when he conveyed in fee to each of the defendants, a part of said land, constituting the *whole* thereof, by deeds professing to convey the whole and not an undivided part thereof, and they took and held possession thereof, and used and occupied it, claiming it as their own, under their deeds, the law presumed an *actual ouster* after a lapse of ten years—and as it was proved that the defendants held such possession from the 1st day of January, 1873, 'till November, 1883, the plaintiffs could not recover, and for this position the defendants' counsel relied upon the case of *Day* v. *Howard,* 73 N. C. 1. But upon an examination of the decision in that case, it will be seen that it does not sustain the position.

The facts in that case, briefly stated, were as follows: The plaintiff, Mary Day *nee* Joyner, was the only child of Margaret Joyner, who was a tenant in common with others in the land then in controversy. Margaret Joyner was the wife of Robert

Joyner, who was tenant by the courtesy initiate in the share of his wife. Mary was married to W. H. Day in 1830, when she was only eighteen years of age. Her father, Robert Joyner, having survived his wife, Margaret, died in 1854. W. H. Day died on the 14th day of November, 1859, and this action was commenced by summons on the 4th day of November, 1874. During the life of Margaret Joyner, two of her co-tenants sold the entire tract of land to one Battle by deed in fee-simple, who took possession of the whole tract immediately, and the defendants and those under whom they claim have had possession ever since, claiming the land as their own, by mesne conveyances from the said Battle. The portion of the opinion of Ch. J. Pearson, who spoke for the court in that case, upon which the defendants' counsel relies, as follows: "By an analogy taken from the statute by which the time for putting an end to stale demands and quieting titles is reduced from twenty years (fixed by the judges in England as the rule of the common law) to ten years, we are inclined to the opinion that a purchaser from a tenant in common, who buys and takes a deed for the whole tract, and under this deed holds exclusive possession of the whole tract for ten years (the co-tenant being under no disability and there being no particular estate to prevent an immediate assertion of the title), acquires a good title by the presumption of an "*actual ouster*" and his adverse possession. That state of facts is not presented in this case, and we give no opinion."

It will be observed that this was a mere "*obiter dictum,*" and the learned Chief Justice only says, he is "inclined" to the opinion, and expresses none, because *that state of facts is not presented.* But why are they not presented? They are substantially the very facts presented by the record in the case. The defendants were purchasers of the whole of the land in fee simple from two of the tenants in common and held exclusive possession of the land, claiming it as their own, under their deed, beginning at a period long before the plaintiffs disabilities were removed, and continued to the commencement of the action, and the plaintiff

delayed bringing her action for twelve years after her disabilities were removed by the death of her husband. If the dictum was law, it ought to have governed that case. But yet in the same opinion, the principle upon which the case was decided in favor of the plaintiff is announced, that "if a tenant in common conveys to a third person, the purchaser occupies the relation of a tenant in common, although the deed purports to pass the whole tract and he takes possession of the whole; for in contemplation of law his possession conforms to his true and not his pretended title. He holds possession for his co-tenant and is not exposed to an action by reason of his making claim to the whole and having a purpose to exclude his fellow."

The case was decided in favor of the plaintiff upon the authority of *Cloud* v. *Webb*, 3 Dev., 317, where the action was brought by the plaintiff fifteen years after her disabilities were removed, against the defendant, who, and those under whom he claimed, had held possession of the land for forty years, claiming it under *mesne* conveyance purporting to convey the whole, from a purchaser of the interest of three of the tenants in common.

In the more recent case of *Caldwell* v. *Neeley*, 81 N. C., 114, where there were two tenants in common and one of them undertook to convey the whole tract and a full estate therein to the defendant, and he took possession immediately and claimed to be absolute owner: It was held that the ouster of one tenant in common by another will not be presumed from an exclusive use of the common property and the appropriation of its profits to himself for a less period than twenty years; and the result is not changed when one enters to whom a tenant in common has, by deed, attempted to convey the entire tract.

This case is so similar in its state of facts, and so decisive of the case before us, that we would have been content to have rested our opinion upon that authority alone, without more saying, but for the seeming confidence with which the learned counsel for defendants pressed the decision in *Day* v. *Howard*, as an authority in support of his position.

Our conclusion is that, when the sheriff sold the interest of W. W. Ward the purchaser only acquired such interest as Ward had, and when he by deed purporting to convey the *whole* tract to the defendants and they took possession, they held it by virtue of their true and not pretended title, and there was nothing in their possession under such title to change the relation of co-tenants which had subsisted between their grantor and the plaintiff.

Their possession was the possession of the plaintiff, and nothing less than an "actual ouster" or an adverse possession for twenty years, receiving the rents and profits and claiming the land as their own, from which an "actual ouster" would be presumed, could change that relation. *Day* v. *Howard, Cloud* v. *Webb, Caldwell* v. *Neeley, supra, Covington* v. *Stewart,* 77 N. C., 148; *Neeley* v. *Neeley,* 79 N. C., 478.

We are not unmindful of the fact, that in some of the States, for instance, in New York, Pennsylvania and Tennessee, a different doctrine is held from that announced in *Caldwell* v. *Neeley,* but in California the same principle is maintained as in that case. *Seaton* v. *Son,* 32 Cal., 481. But whatever may be decisions in other States, the doctrine declared in *Caldwell* v. *Neeley* must be held as the law in this State.

There is no error. Let this be certified to the Superior Court of Wayne county, that the case be remanded to the clerk of the Superior Court of that county, that the case may be proceeded with according to law.

No error.                                                                 Affirmed.