W. B. NIXON v. SALLY WILLIAMS.

*Curtesy—Seizin—Entry—Possession.*

1. Seizin implies the possession of an estate of freehold, and seizin in law means the right to have such possession.

2. At common law, to entitle a husband to curtesy in his wife's land, either the wife, or the husband in right of his wife, must have had a seizin in deed, which is the actual possession of the land.

3. Where a party entitled to the possession of land, enters thereon, he is presumed in law to enter under, and in pursuance of his right, no matter what may have been the motive for the entry, and he is at once clothed with every right he can have by virtue of his title which could be asserted by entry.

4. The possession of a widow, to whom no dower has been assigned, is not adverse to the heirs-at-law of her deceased husband.

5. Where the wife of the plaintiff, now dead, was entitled to the land in dispute as heir at-law, and her husband rented it as tenant of the ancestor's widow, but the wife lived on the land; *Held,* that she had such seizin as entitled her husband to an estate by the curtesy.

(*Garlsby* v. *Dyer*, 91 N. C., 311; *Gaylord* v. *Respass*, 92 N. C., 553, cited and approved).

CIVIL ACTION, for the possession of land, tried before *Gudger, Judge,* at Spring Term, 1886, of HYDE Superior Court.

There was a judgment for the plaintiff, from which the defendant appealed.

It appears, that Lorenzo D. Williams died in the year 1874, seized and in the actual possession of the lands described in the complaint, leaving surviving him, his widow, the defendant, and one daughter, Parley Williams, his sole heir-at-law, upon whom the land descended. The latter, in the year 1879, intermarried with the plaintiff, and there was born alive of this marriage only one child, a son, who died some time in the year 1881,

leaving surviving him no brother nor sister, nor the issue of such. Afterwards, in the year 1881, the wife of plaintiff, the said Parley, died, leaving no child, nor brother, nor sister, nor the issue of such, surviving her.

During the marriage mentioned, the plaintiff cultivated the lands mentioned one year, as the tenant of the said Sally Williams, and paid her rent for the same. After that, he lived on the lands of a third party, and was living there at the time of the death of his wife, but the wife was ill for some time before her death, went upon the land in question to the dwelling house in which her mother resided, and died there, in September, 1881.

The widow named, has remained upon the lands of her deceased husband ever since his death, using and cultivating them, and at times, letting parts of them for rent, but she has never had dower therein assigned to her.

The parties, by consent, submitted to the Court the above, as the material facts of the case. Upon consideration thereof, the Court gave judgment for the plaintiff, and the defendant appealed to this Court.

No counsel for the plaintiff.
*Mr. C. E. Aydlett*, for the defendant.

MERRIMON, J. (after stating the facts). The plaintiff contends, that he has a life estate in the lands described in the complaint, as tenant by the curtesy, and is entitled to the possession thereof. The defendant, on the contrary, contends that he has not such estate, because his deceased wife never had *actual seizin* of the land.

Seizin, as applied to land, is a technical term, that implies the possession of an estate of freehold. Seizin in law, is the right to have such possession. Seizin in deed, is the actual possession of the freeholder. It means more than the mere possession—it is possession with the legal right to the estate in the land.

At the common law, it is essential that the wife, or the husband in the right of the wife, shall have *seizin in deed*—that is,

actual seizin—actual possession of the estate, to entitle the hus-band as tenant by the curtesy.

Now granting that the wife must have had seizin in deed, as contended by the defendant, she had such seizin. It is probable that she lived with her husband, on the land, during the year he cultivated it—it is fair to infer so; but it is certain she went upon it, and lived with her mother in the dwelling house for some time—how long, does not appear—before her death, and died there. She was there as of her own right, and not simply by permission or curtesy. She was upon, and in the actual poses-sion of her own land, and she could not have been put out of possession rightfully. She had actual seizin and perfect title, and thus her husband became entitled as tenant by the curtesy, of the land whereof she was so seized. The Code §1838.

No matter what may have been her motive in going upon the land, as soon as she went upon it, the law at once clothed her with every right, and all the authority she could have by virtue of her title, and which she could assert by entry. She could not repudiate her right as the owner of the inheritance, and agree to become a trespasser, or to be in possession of some other than her real title.

In that respect, the law determined her condition and relation to the land. *Gadsby* v. *Dyer*, 91 N. C., 311; *Gaylord* v. *Res-pass*, 92 N. C., 553.

The widow entitled to dower remained upon the land after the death of her husband, and continued to do so for several years, but no dower was ever assigned to her. Her possession was not adverse to the wife of the plaintiff, in her life-time; indeed, she was in possession under her, and the defendant's presence did not have the effect to prevent the seizin of the plain-tiff's wife, or his rights as the husband.

The plaintiff is entitled to have possession of the land as ten-ant by the curtesy, and the judgment must be affirmed.

No error.                                    Affirmed.