T. J. BREDEN et al. v. DUNCAN McLAURIN.

*Evidence—Tenants in Common—Adverse Possession.*

1. Upon the trial of an issue of sole seizin in a proceeding for partition, it appeared that the defendant claimed under a deed purporting to convey the entire estate, and which contained general covenants of warranty. The plaintiffs offered to show that after the suit was commenced they proposed to the defendant that if they recovered against him, they would let him keep the land if he would transfer to them his right of action upon the warranty, and he assented: *Held*, that the admission of such evidence was not error.

2. The bare occupation of one tenant in common of lands, and the undisturbed use thereof by him under a title proposing to convey the entire estate for seven years, is not such an adverse possession as will bar the other tenants. To have such an effect the possession must be for twenty years. If the tenants, not in possession, had asserted their claim and been resisted and thereafter the occupant had been permitted to remain in possession for seven years, his possession would be deemed adverse and his title would have ripened against his co-tenants.

(*Hicks* v. *Bullock*, 96 N. C., 164, cited).

Issues joined in a SPECIAL POCEEDING, tried before *Clark*, *Judge*, at February Term, 1887, of RICHMOND Superior Court.

In this action, begun before the Clerk for partition of the tract of land described in this petition, the petitioners alleged that they were tenants in common with the defendant, each being entitled to one-fifth part thereof. The defendant denied the alleged tenancy, and asserted a sole seizin in himself. The issue thus formed was transferred to the Superior Court for trial and was passed on by the jury, who found the tenancy to exist, and from the judgment thereon the defendant appealed.

It appeared on the trial that in 1828 the estate in the land vested in one Archibal Fairley, who died leaving two children, daughters, of whom one died at the age of sixteen unmarried, and the other married one Alexander Malloy, of whom was born Alexander Malloy, Jun., their only offspring. The said Malloy, Sen., died in 1846, and his widow afterwards intermarried with one Archibald Patterson, and the *feme* petitioners and their brother, A. F. Patterson, were the issue of this marriage. She died in 1864, and her husband in 1871. Of the petitioners, Elizabeth McLean was born in May, 1855, Mary James in 1859, and they, as well as their sister Catherine, were married after attaining full age. The said Archibald F. was born on the 1st day of January, 1857. Pending the action the said Catherine died leaving two infant children, Archie and Thomas M., to whom her estate descended, and the Court having appointed their father next friend to prosecute the suit in their behalf, they have been made co-plaintiffs with the others in the cause.

On September 30th, 1871, Alexander Malloy, Jr., the tenant in common, executed to the defendant a deed purporting to convey, and sufficient in form to convey, an entire undivided estate in the land, with covenants for quiet enjoyment and warranty against the claims of all persons whomsoever. The defendant thereupon entered into possession,

and has since used it as his own property, without accountability to or interruption from anyone, until the institution of the present suit on June 19th, 1883.

On cross-examination of the defendant, a witness on his own behalf, he was asked "if after the suit was brought the petitioners offered him, if they recovered, to let him keep the lands, and they to take his recovery on the warranty, and and if this was not verbally agreed to by him?"

The witness answered that there was some such proposition made, and he had expressed his willingness so accept it. Objection was made by his counsel both to the question and the answer, and exception to the ruling of the Court thereon.

*Mr. Frank McNeil*, for the plaintiffs.
*Mr. Platt D. Walker*, for the defendant.

SMĬTH, C. J., (after stating the case). We do not see the force of the objection to the reception of what passed between the parties. It amounted to no more than an arrangement that if the petitioners established their claims to four-fifths of the land, and the defendant would sue upon his covenant, and let them have what he might recover, that would be accepted in payment of their shares, and defendant should have an absolute estate in severalty in the lands. Nor do we see any harm to the defendant that could ensue from admission of the evidence

The remaining exception is to the refusal of the Court to give an instruction asked, to the effect that if the defendant took and held possession under his deed, openly, continuously and adversely, claiming as his own from 1871 to the bringing of this action without paying rent, and disclaiming the right of any other person to a share therein, the jury should respond to the issue in the negative. .

The proofs do not go to show any resistance offered to an assertion of their rights on the part of the petitioners, nor indeed any action on their part to warrant the use of the word adversely, other than such as results from defendant's undisturbed and continuous use of the premises as his own during the interval of twelve years preceding the suit. Had there been any interference from the other tenants, resisted by the occupant, the possession would then have become hostile, and the lapse of seven years thereafter would have interposed an effectual barrier to the claims of the other tenants. This not being so, the sole question presented is whether such a possession with color of title for twelve years forms a bar to the plaintiffs' recovery of their shares of the estate. Of this it is only necessary to state that at the last Term an able and learned argument in the case of *Hicks* v. *Bullock*, 96 N. C., 164, was addressed to us to induce the Court to review its later rulings as to the period of exclusive enjoyment by one tenant of lands held in common, whether with a deed purporting to pass the entirety or not, required to bar the other tenants, in which argument most of the cases in this State were examined and criticised with much skill, as is done on the present occasion.

We declined to reverse our later decisions, appreciating the importance of adhering to rulings which have settled the law, unless in *palpable cases of error* or where most mischievous consequence may follow.

We are content to reproduce what is said in the case referred to: "Granting that the appellant had such possession (of seven years) and that it was adverse to his co-tenants in common, and whatever differences of opinion there may have been on this subject in this State in the distant past, it is now well settled that it does not in such case have such effect. It requires such a possession continued for at least twenty years to defeat the estate of the co-tenants in common," citing numerous cases.

Nor has the warranty any additional force in modifying the rule, for the form of the conveyance is as effectual with as without covenants.

There is no error and the judgment is affirmed.