JANE E. ROSCOE v. JOHN L. ROPER LUMBER CO.

(Decided February 28, 1899).

*Demurrer, under Act 1897, Chap. 109—Probate of Will of Non-resident Devising Land here—Tenancy in Common —Conveyance by one Tenant in Common of Entire Interest—Adverse Possession and Ouster.*

1. A motion to dismiss under Act of 1897, chapter 109, is substantially a demurer to the evidence, which waives all objection to its competency, and admits as true all that the evidence tends to prove.

2. Where a non-resident testator devises land in this State, and the record of the foreign Court of Probate, duly certified, contains the certificate of probate, which refers to the certified examinations of the witnesses, in accordance with the requirements of our Code, Section 2149, the whole forming one transaction, the exemplification of which and of the will being duly recorded in the county where the land lies, the will is sufficiently proved and passes the property.

3. Where a tenancy in common is shown, the possession of one is the possession of all—and the rule is the same, when one enters to whom a tenant in common has by deed attempted to convey the whole land.

4. The ouster of one tenant in common by another will not be presumed from an exclusive use of the common property and appropriation of the profits, for a less period than twenty years; and the result is not changed when one enters to whom a tenant in common has by deed attempted to convey the entire tract.

CIVIL ACTION, for recovery of an undivided half interest in land, and for partition by sale, tried before *Norwood, J.,* at GATES Superior Court, Spring Term, 1898.

The plaintiff claimed a half interest in the land under the will of her husband, H. E. Roscoe, executed January 13,

1882, at his home in Mississippi, which devised to her all his
property. In 1853 J. R. Riddick conveyed the land to said
H. E. Roscoe and S. W. Worrell. In 1865 Worrell alone con-
veyed said land by deed, purporting to pass the entire interest
to other parties, under whom, through mesne conveyances, in
1891, 1893 and 1896, the defendant derived title and was in
adverse possession at the commencement of this suit, March
16, 1897.

The defendant took a number of exceptions to the compe-
tency of plaintiff's evidence, which were overruled by his
Honor. At the close of plaintiff's evidence, the defendant
moved to dismiss under Act of 1897. Motion allowed, and
judgment in favor of defendant, dismissing the action.

Plaintiff excepted and appealed.

The evidence and points of contention are stated in the
opinion.

*Messrs. W. M. Bond* and *S. G. Ryan,* for plaintiff (appel-
lant.).

*Messrs. Pruden & Pruden, E. F. Aydlett* and *L. L. Smith,*
for defendant.

MONTGOMERY, J. In her complaint, the plaintiff alleges
that she is the owner in common with the defendant in the
lands described in the complaint, her alleged interest being
one-half of the whole, and this action was commenced to have
herself adjudged the owner of her one-half interest in com-
mon, and that the lands may be sold for a division by a com-
missioner appointed by the Court.

In their answer the defendants denied the claim of the
plaintiff and also pleaded the statute of limitations of twenty
years' adverse possession under known and visible lines and

boundaries, and the seven years statute under color and adverse possession. In the trial in the Superior Court, upon the conclusion of the plaintiff's evidence, the defendants moved to dismiss the action under chapter 109, Acts 1897. The motion was allowed and from the order the plaintiff appealed to this Court. In support of her title, the plaintiff introduced a duly certified copy of a record from the Book of Wills in the office of the Clerk of the Superior Court of Gates County, containing the will of H. E. Roscoe, who died in La Fayette County, Mississippi, and its probate, which will had been filed and recorded in the Clerk's office of Gates County under section 2156 of The Code, as amended by chapter 393 of the Laws of 1885. She also introduced a copy of the will and probate thereof, certified from the Chancery Court of La Fayette County, Mississippi. The plaintiff then introduced a deed from J. R. Riddick to H. E. Roscoe, her deceased husband, and S. W. Worrell, in fee-simple, dated January 1st, 1853, to the land described in allegation III of the complaint; then a deed dated October 7th, 1865, from S. W. Worrell to Bond, Brady, Roberts and Wiley, purporting to convey the whole of the land in fee; and then successive deeds from these last grantees and their grantees to the defendant. The plaintiff further introduced in evidence sections 3, 4 and 5 of the complaint, which set out the ownership in common of the lands described therein between the plaintiffs and defendants, in the proportion of one-half to the plaintiff and the other half to the defendants, and then the deeds under which the defendants claim the entire interest in the lands and the entry of the defendants thereon; and also section 8 of the answer is introduced, in which it is admitted that the defendants have entered upon the lands conveyed to it under the deeds set out in section 5 of the complaint.

Upon the argument here, the counsel of defendants in-

sisted that the question of competency of a part of the evidence which his Honor received was a matter for the consideration of this Court, objection having been made to its admission in the Court below; but we think that the motion made by the defendant was, so far as the competency of the evidence is concerned, substantially a demurrer to the evidence, and that all objection to its competency was waived by the motion. A demurrer to the evidence admits as true all that the evidence tends to prove. *Mining Co. v. Railroad,* 122 N. C., 881; *Bazemore v. Mountain,* 121 N. C., 59; *Whitley v. Railroad,* 122 N. C., 987. But the defendant's counsel insisted that if they were in error as to that position, and that their motion to dismiss was a waiver of all objection to the evidence received by the Court below, yet the certificate of probate of the will by the Clerk of the Court of Chancery of La Fayette County, Mississippi, did not show affirmatively that the will was executed according to the laws of North Carolina, and therefore that the lands situated in North Carolina did not pass to the plaintiff under the will. To an understanding of this contention it becomes necessary to examine the proceedings of the Mississippi Court in reference to the probate of the will. The record of that Court was properly certified, and from it, it appears that the will was subscribed by two witnesses; that the witnesses subscribed in the presence of the testator and at his request; that the testator, at the time of his signing the will, was of sound and disposing memory, and that he was over twenty-one years of age. The examination of the witnesses to the will, however, was signed and certified by the Clerk separately from the certificate of probate made by the Clerk, and on that account the defendants contend that our statute, 2149 of The Code, which provides that the certificate of probate shall embody the substance of the proofs and examination, was not

complied with. The examination of the witnesses containing the essentials, according to the laws of North Carolina, for the order of probate of the will, was of the same date and in the same proceeding as the certificate of probate, and the certificate of probate set forth that the will had been duly proved as required by law. We think that the certificate of the Clerk was sufficient, for it referred to the proof of the will already made in the proceedings of the probate. But the defendants further insist that the certificate of the officer to the record of the proceedings did not refer to anything but the will and the certificate of probate; that it did not embrace the examination of the witnesses. That point is not directly presented by the appeal, for the record—the whole record— is in evidence, and without objection, so far as the appeal is concerned, and it embraces the examination of the witnesses to the will. However, we might as well say that we think the certificate of probate refers to the certified examinations of the witnesses, and that the whole forms one transaction. The exceptions were not by any means frivolous; they were urged by counsel learned in the law, with zeal, but we can not concur in their view of the matter.

The probate of the will then being sufficient to pass the property, that part of the case being treated as upon demurrer to the evidence, we are brought to the consideration of the other branch of the case. The plaintiff's evidence showed that her devisor and S. W. Worrell had been tenants in common of the lands, and that the defendants, at the time of the trial, and before, were in possession of the same, claiming by deeds purporting to convey the whole from successive grantees of Worrell. Now, the contention of the defendants is that, as the plaintiffs proved on the trial that the defendants went into possession of the lands under deeds purporting to convey the whole interest, the presumption (section

146 of The Code) that she had been in possession within twenty years before the bringing of this action, she having shown the legal title in her to her interest, had been rebutted; and further, that from the plaintiff's evidence, the presumption arose that the defendant's possession became adverse and began from 1866, the date of the execution of the first deed, conveying the entire estate, and that it was incumbent on the plaintiff to show possession in herself or some one from whom she claimed, within twenty years before the commencement of the action. However plausible this contention may appear, it can not be sustained upon reason, or under the decisions of this Court. There had been a tenancy in common at one time between the plaintiff's devisor and Worrell, from whom, through successive conveyances, the defendants claim, and the plaintiff's evidence did not show any adverse possession on the part of the defendants. It only went to prove entry by the defendants on the land (section 5 of the complaint, section 8 of the answer, put in evidence by the plaintiff). The possesion of one tenant in common is in law the possession of all. *Covington v. Stuart,* 77 N. C., 150; *Neely v. Neely,* 79 N. C., 478. And the rule is the same when one enters to whom a tenant in common has by deed attempted to convey the whole land. In the case of *Ward v. Farmer,* 92 N. C., 93, the Court said: "In the more recent case of *Caldwell v. Neely,* 81 N. C., 114, where there were two tenants in common and one of them undertook to convey the whole tract and a full estate therein to the defendant, and he took possession immediately and claimed to be absolute owner, it was held that the ouster of one tenant in common by another will not be presumed from an exclusive use of the common property and the appropriation of its profits to himself for a less period than twenty years; and the result is not changed when one enters to whom a tenant

in common has by deed attempted to convey the entire tract."
To the same effect are the cases of *Page v. Branch,* 97 N. C.,
97; *Ferguson v. Wright,* 113 N. C., 537.

There was error in the order dismissing the action.

New trial.