HARDEE v. WEATHINGTON.

(Filed March 18, 1902.)

1. TENANCY IN COMMON—*Adverse Possession—Ouster—Presumption.*

Possession of land for a period less than twenty years under a deed executed by one tenant in common for the entire tract does not raise a presumption of ouster of the other tenants in common.

2. TENANCY IN COMMON—*Deed—Registration—Ouster—Adverse Possession.*

The registration of a deed from one tenant in common conveying the whole property does not have the effect of an ouster of the other co-tenants.

ACTION by W. A. Hardee and others against L. H. Weathington and others, heard by Judge *Francis D. Winston* and a jury, at December (Special) Term, 1901, of the Superior Court of PITT County. From a judgment for the defendants, the plaintiffs appealed.

*Harding & Harding,* for the plaintiffs.
*Jarvis & Blow,* and *Fleming & Moore,* for the defendants.

CLARK, J. This was a proceeding for partition, begun before the Clerk. Upon the allegation in the answer of sole seizin, the issues were transferred for trial at term time. The Code, Sec. 256.

The defendant claims under a deed to Samuel Corey from one tenant in common, purporting to convey the whole.

HARDEE *v.* WEATHINGTON.

There was evidence that Corey did not go into' possession until 1891 (and evidence by defendant that he took possession prior thereto, but not prior to 1883), and that certain of plaintiffs who are *femes covert,* married prior to becoming of age.

The ouster of one tenant in common by another will not be presumed from an exclusive use of the common property and appropriation of the profits for a less period than twenty years; and the result is not changed when one who enters to whom a tenant in common has by deed attempted to convey the entire tract. *Roscoe v. Lumber Co.,* 124 N. C., 42, citing *Ward v. Farmer,* 92 N. C., 93, and several other cases. Sole possession under such deed for less than twenty years does not raise a presumption that the co-tenant not joining in the deed has been evicted, for one tenant in common can not thus make the possession adverse to his co-tenant. Registration of the deed does not have the effect of an ouster. *Ferguson v. Wright,* 113 N. C., 537; *Page v. Branch,* 97 N. C., 97, 2 Am. St. Rep., 281.

The rule laid down in *Nelson v. Insurance Co.,* 120 N.C., 302, that the possession of land under a deed, apparently good and sufficient, properly acknowledged and unimpeached, is sufficient evidence of title; and it is not error to instruct the jury, if they believe the evidence, to return a verdict for the grantee, does not apply here, for the deed is impeached by showing that it is executed by one tenant in common purporting to convey the whole. Twenty years sole permanency of the profits was not shown, nor was there uncontradicted evidence of seven years adverse possession as to the plaintiffs. In directing the jury if they believed the evidence to answer the first three issues in favor of the defendant, there was

Error.