BULLIN v. HANCOCK.

(Filed April 25, 1905.)

*Deeds—Adverse Possession—Co-Tenants—Ouster— Color of Title.*

1.  A deed to the plaintiff's interest in land, executed in his name by another without any authority, passes no title to the grantee.

2.  The possession of a grantee under a deed from the life tenants and all the remaindermen except one, could not become adverse as to the remainderman not joining in the deed, until the death of the life tenants.

3.  An ouster of one tenant in common of land by a co-tenant will not be presumed from an exclusive use of the common property and the appropriation of its profits to his own use for a less period than 20 years, not even when the possession is held under color of title.

PETITION for partition by George Bullin against Mary S. Hancock and others, heard by *Judge O. H. Allen* at the August Term, 1904, of the Superior Court of SURRY County, upon the following case agreed.

"Nellie Holyfield, being the owner of the land in controversy in fee, by her last will and testament devised said land to Mima Keile and Sally Bullin for the term of their natural lives, with remainder in fee to the children of Sally Bullin. George Bullin, the plaintiff, is one of the said children and was more than 21 years of age at the death of his mother

Sally Bullin, which occurred more than fifteen years and less than twenty years before the commencement of this action. Before the death of Sally Bullin, to-wit, on the 17th. of September 1879, her said children conveyed the land by deed, sufficient in form, to John Hancock, ancestor of defendants, except the plaintiff George Bullin, and the same was executed as to him as follows: George Bullin, by L. J. Norman. That L. J. Norman and John Hancock are both dead and no authority was given for L. J. Norman to sign George Bullin's name to the same. L. J. Norman was at that time clerk of the Superior Court of said county and properly probated said deed as to all the grantors except 'George Bullin, by J. L. Norman.' As to him, L. J. Norman acknowledged the execution of the same to himself as clerk of the said court, and ordered the same to be recorded, which was done at or about the date of its execution.

On the 27th February, 1880, Sally Bullin executed a deed in fee to the land to the said John Hancock, reserving a life estate in fifty acres of the tract (the whole tract consisting of 250 acres.) John Hancock took immediate possession of the tract of land at the date of said deed, except said fifty acres, and he took possession of that at the time of the death of Sally Bullin, and remained in actual possession of the same to the time of his death; the defendants, his heirs-at-law, have been in possession ever since the death of their ancestor.

The deed first above referred to, executed by the children of Sally Bullin to John Hancock, has since the beginning of this action, been probated as to all the grantors, and recorded the second time—the execution as to 'George Bullin by L. J. Norman,' being shown by proving the handwriting of L. J. Norman."

The court adjudged that the plaintiff and the defendants are tenants in common of the land, the plaintiff being the owner of one eleventh and the defendants the owners of the

other ten elevenths; ordered an actual partition of the land and adjudged that defendants be taxed with the costs. They excepted and appealed.

*W. L. Reece* and *Folger & Folger* for the plaintiff.
*Carter & Lewellyn* and *Manly & Hendren* for the defendants.

WALKER, J.　After stating the case: The only question in this case is whether the plaintiff is tenant in common with the defendants of the land prescribed in the petition. It was properly admitted by the defendants' counsel that the deed to John Hancock did not pass the interest of the plaintiff in the land as it was executed in his name by L. J. Norman without any authority from him. This being so, the plaintiff upon the facts of the case owns an undivided one eleventh interest in the land as tenant in common with the defendants, unless he has lost that interest by the adverse possession of the defendants and their ancestor, John Hancock, under color of title. It is stated in the case, that the land was devised by Nancy Holyfield to Mima Keile and Sally Bullin for the term of their natural lives with remainder in fee to the children of Sally Bullin. The children, except the plaintiff, conveyed their estate in remainder to John Hancock, and Sally Bullin also conveyed her life estate to him, reserving a life estate in 50 acres. He took possession in 1880 of all the land except the 50 acres and took possession of that part at the time of her death and has held possession ever since. Sally Bullin died within 20 years next prior to the bringing of this action. The possession of John Hancock and his heirs could not become adverse, whether held with color of title or without it, until the death of Sally Bullin and Mima Keile. It does not appear that the latter is dead, but we will assume that she died more than seven years before the action was commenced as the parties seem

to have based their arguments upon that assumption. The possession of the defendants and their ancestor since the death of Sally Bullin has not continued for twenty years.

Conceding that the deed to John Hancock is color of title as to the interest of plaintiff, the defendants must still fail in their contention as seven years adverse possession by one tenant in common, even under color of title will not toll the entry of his co-tenants, and this is true although the person in possession claims the whole by virtue of his possession under a deed for the same from some of the tenants in common, the possession of one tenant in common being in law the possession of all. In *Day v. Howard,* 73 N. C., 1, it is said by *Pearson, C. J.,* "If a tenant in common conveys to a third person, the purchaser occupies the relation of a tenant in common, although the deed purports to pass the whole tract and he takes possession of the whole; for, in contemplation of law, his possession conforms to his true and not to his pretended title. He holds possession for his co-tenant and is not exposed to an action by reason of his making claim to the whole and having a purpose to exclude his fellow." There was no actual ouster of the plaintiff by the defendants and the law will not presume such an ouster of a tenant in common from an adverse possession by a co-tenant for a time less than 20 years, when there has been no demand for rents, profits or possession, not even when the possession is held under color of title. Though some doubt had been expressed in the earlier cases, it was held in *Cloud v. Webb,* 14 N. C., 317, that a possession of seven years by a tenant in common, even under color of title, was not sufficient to bar his-co-tenant, but that by long continued possession, in that case thirty-six years, an ouster might be presumed and that the statute would run upon a presumed ouster, although it was admitted that no actual ouster had ever taken place. The principle settled by that case has been followed ever since and the time for the presumption

of an ouster from adverse possession in such a case fixed at twenty years, which is the time prescribed by the statute in like cases for barring rights. *Linker v. Benson,* 67 N. C., 150; *Covington v. Stewart,* 77 N. C., 148; *Neely v. Neely,* 79 N. C., 478. In *Caldwell v. Neely,* 81 N. C., 114, it was held, following *Cloud v. Webb,* that the ouster of one tenant in common of land by a co-tenant will not be presumed from an exclusive use of the common property and the appropriation of its profits to his own use for a less period than 20 years and the result is not changed when one enters to whom a tenant in common has by deed attempted to convey the entire tract. That case is decisive of this one and it has been approved many times since in cases presenting the same state of facts. *Ward v. Farmer,* 92 N. C., 93; *Hicks v. Bullock,* 96 N. C., 164; *Page v. Branch,* 97 N. C., 97; *Breeden v. McLaurin,* 98 N. C., 307; *Roscoe v. Lumber Co.,* 124 N. C., 42.

His Honor's ruling was in accordance with this well settled principle and was therefore clearly right.

Affirmed.