MAMIE E. WINSTEAD, ELLA BENNETT, EDDIE BLACK, MACK BLACK, MINNIE BLACK, LONNIE BLACK, MILDRED BLACK, MAMIE MIXON, ELLA MAY PAUL, ELSIE MERCER, JIM EBORN, ALTON EBORN, BOBBY EBORN, JULIA EBORN, CLAUDE WOOLARD, HOWARD WOOLARD, CHARLIE WOOLARD, LOLA WOOLARD WHITLEY, LILLIAN TETTERTON, CASSIE SAWYER, v. JAMES T. WOOLARD AND WIFE, SADIE M. WOOLARD, AND L. A. SQUIRES, COMMISSIONER OF THE SINKING FUND OF THE CITY OF WASHINGTON, AND J. S. BENNER, SINKING FUND COMMISSIONER OF BEAUFORT COUNTY.

(Filed 12 January, 1944.)

**1. Deeds §§ 4, 8—**

A deed of gift of an estate of any nature, if not proven in due form and registered within two years after the making of it, is void. C. S., 3315.

**2. Same—**

Between the parties thereto a deed of gift, not registered, is good during the two years after the making of it, but upon failure to register it within such time, it becomes void *ab initio* and title vests in the grantor.

**3. Estates § 9a: Adverse Possession § 1—**

When grantors in a deed of gift reserve a life estate in themselves, the grantee acquires no right of possession during the life of either of the grantors.

**4. Adverse Possession § 1—**

Where two parties are in possession of land, the possession in law follows the title.

**5. Adverse Possession § 17—**

A party, entering into possession of land, is presumed in law to enter under and in pursuance of his right, no matter what may have been his motive for the entry.

**6. Adverse Possession § 4a—**

The possession of one tenant in common is in law the possession of all his cotenants, unless and until there has been an actual ouster or a sole adverse possession for twenty years, receiving rents and profits and claiming the land as his own from which actual ouster would be presumed.

APPEAL by plaintiffs from *Thompson, J.,* at October Term, 1943, of BEAUFORT.

Civil action to be let into possession of certain lands as tenants in common with defendant James T. Woolard, who pleads sole seizin by reason of (1) alleged valid deed, (2) by possession under color for seven years, G. S., 1-38, formerly C. S., 428, and (3) by adverse possession for twenty years—G. S., 1-40, formerly C. S., 430.

The parties, having waived jury trial and agreed that the court should find the facts and render judgment thereon, the court, after hearing the testimony and argument of counsel, finds facts summarily stated as follows:

1. On 22 January, 1909, Kalite Woolard, then owner in fee and in possession of that certain tract of land described in the complaint, and his wife, Martha E. Woolard, executed and delivered to their son, the defendant James T. Woolard, a deed of gift conveying said land, reserving "for themselves an estate for the term of their natural lives" in the same, which deed of gift was registered on 16 November, 1918, in office of Register of Deeds of Beaufort County, North Carolina.

2. From the date of the execution of said deed until the death of Kalite Woolard in 1925, Martha E. Woolard having predeceased him, "the said Kalite Woolard and the said James T. Woolard were in exclusive adverse possession of the said tract of land."

3. Since the death of Kalite Woolard "the said James T. Woolard, claiming to own the land by virtue of the foregoing deed, has been in open, notorious, exclusive and adverse possession of said tract of land, living in the house on said land, cultivating crops thereon, and listing it for taxes, executing the deeds of trust set out in the record, and several chattel mortgages."

The petitioners are lineal descendants of Kalite Woolard, deceased, and instituted this action on 15 October, 1942.

Upon the foregoing facts, the court, being of opinion that plaintiffs are not tenants with defendants James T. Woolard et al., in and to said land, entered judgment that plaintiffs take nothing by this action and that defendants go without day and recover their costs. Plaintiffs appeal therefrom to Supreme Court and assign error.

*H. S. Ward for plaintiffs, appellants.*
*E. A. Daniel for defendants, appellees.*

WINBORNE, J. Appellants in the characteristic original style of their eminent counsel, state this as the question presented on this appeal: "Father of six children made deed of gift to one, reserving life estate; registered nine years after execution; father and grantee in exclusive and joint possession until father's death less than twenty years before the beginning of this action by other five children to be declared tenants in common." And speaking thereto *arguendo* their counsel says:

"Plaintiffs have been told that a deed of gift must be registered within two years from its execution and upon failure of such registration within such time, is void. C. S., 3315, and *Booth v. Hairston,* 193 N. C., 279.

"They have been told, and are here contending, that it takes twenty years adverse possession by a tenant in common to oust the co-tenants, and that seventeen years will not do it. *Gilchrist v. Middleton,* 107 N. C., 663; *Roscoe v. Lumber Co.,* 124 N. C., 42; *Conkey v. Lumber Co.,* 126 N. C., 499.

"They contend here that the deed of gift was void after January 22, 1911, and that when Kalite Woolard, their father, died, this land descended to them and their brother, J. T., the grantee in common . . ."

The statute and decisions cited indicate that plaintiffs "have been told" the law aright, which, when applied to facts in hand, as comprehensively recited in question involved, lends support to their contentions.

A deed of gift of an estate of any nature if not proven in due form and registered within two years after the making of it, is void. G. S., 47-26, formerly C. S., 3315. *Booth v. Hairston,* 193 N. C., 278, 136 S. E., 879; *S. c.,* 195 N. C., 8, 141 S. E., 480; *Reeves v. Miller,* 209 N. C., 362, 183 S. E., 294; *Allen v. Allen,* 209 N. C., 744, 184 S. E., 485; *Cutts v. McGhee,* 221 N. C., 465, 20 S. E. (2d), 376.

And the Court has held that as between the parties thereto a deed of gift, not registered, is good during the two years after the making of it, but upon failure to register it within such time, it becomes void *ab initio* and title vests in the grantors. *Booth v. Hairston, supra.* But in the case in hand the grantors in the deed of gift in question, having reserved to themselves life estates, which in law included the right of possession, the grantee in the deed of gift, as a matter of law, acquired no right to possession of the land during the life of either of the grantors. And even though the court has found as a fact that from the date of the deed until the death of Kalite Woolard, the surviving grantor, said Kalite Woolard, and James T. Woolard, the grantee, defendant in this action, were in exclusive adverse possession of the said land, the title to the land and right to possession of it, as a matter of law, were in Kalite Woolard. Where two parties are in possession of land, the possession in law follows the title. *Gadsby v. Dyer,* 91 N. C., 311. See also *Ward v. Farmer,* 92 N. C., 93; *Nixon v. Williams,* 95 N. C., 103. Therefore defendant, James T. Woolard, as grantee in the deed of gift, as a matter of law, had no possession of the land prior to the death of Kalite Woolard. And the deed of gift not having been registered within two years after the making of it, and the title to the remainder after life estates having thereupon revested in Kalite Woolard, he died seized of the land. Hence, upon his death the title descended to his heirs' at law, the plaintiffs and defendant, James T. Woolard, as tenants in common, and the possession followed the title. The possession which said defendant had after the death of his father, Kalite Woolard, was, as a matter of law, as a tenant

in common with the other heirs at law and not by virtue of the void deed of gift. "Where a party entitled to possession of land enters thereon, he is presumed in law to enter under and in pursuance of his right, no matter what may have been the motive for the entry, and he is at once clothed with every right he can have by virtue of his title which could be asserted by entry," headnote on *Nixon v. Williams, supra.* In that case *Merrimon, J.,* speaking for the Court, said the party so entering "could not repudiate her right as the owner of the inheritance, and agree to become a trespasser, or to be in possession of some other than her real title. In that respect, the law determined her condition and relation to the land," citing *Gadsby v. Dyer, supra; Gaylord v. Respass,* 92 N. C., 553. Moreover, in *Page v. Branch,* 97 N. C., 97, 1 S. E., 625, it is said: "One tenant in common cannot make his possession adverse to his co-tenant except by actual ouster, as he is presumed to hold by his true title." To the same effect are these cases: *Hampton v. Wheeler,* 99 N. C., 222, 6 S. E., 236; *Ferguson v. Wright,* 113 N, C., 537, 18 S. E., 691; *Shannon v. Lamb,* 126 N. C., 38, 35 S. E., 232; *Tharpe v. Holcomb,* 126 N. C., 365, 35 S. E., 608; *Hardee v. Weathington,* 130 N. C., 91, 40 S. E., 855. And it is a well settled and long established principle of law in this State that the possession of one tenant in common is in law the possession of all his co-tenants unless and until there has been an actual ouster or a sole adverse possession of twenty years, receiving the rents and profits and claiming the land as his own from which actual ouster would be presumed. See *Ward v. Farmer,* 92 N. C., 93. Among other pertinent cases are these: *Cloud v. Webb,* 14 N. C., 317; *S. c.,* 15 N. C., 289; *Black v. Lindsay,* 44 N. C., 467; *Linker v. Benson,* 67 N. C., 150; *Covington v. Stewart,* 77 N. C., 148; *Neely v. Neely,* 79 N. C., 478; *Caldwell v. Neely,* 81 N. C., 114; *Gaylord v. Respass, supra; Hicks v. Bullock,* 96 N. C., 164, 1 S. E., 629; *Page v. Branch, supra; Breeden v. McLaurin,* 98 N. C., 307, 4 S. E., 136; *Gilchrist v. Middleton, supra; Roscoe v. Lumber Co., supra; Hardee v. Weathington, supra; Woodlief v. Woodlief,* 136 N. C., 133, 48 S. E., 583; *Bullin v. Hancock,* 138 N. C., 198, 50 S. E., 621; *Rhea v. Craig,* 141 N. C., 602, 54 S. E., 408; *Boggan v. Somers,* 152 N. C., 390, 67 S. E., 965; *McKeel v. Holloman,* 163 N. C., 132, 79 S. E., 445; *Lee v. Parker,* 171 N. C., 144, 88 S. E., 217; *Lester v. Harward,* 173 N. C., 83, 91 S. E., 698; *Crews v. Crews,* 192 N. C., 679, 135 S. E., 784; *Stephens v. Clark,* 211 N. C., 84, 189 S. E., 191; *Cox v. Wright,* 218 N. C., 342, 11 S. E. (2d), 158.

Upon the facts found we do not have before us a case of actual ouster, and adverse possession under color of title within the meaning of the statute, G. S., 1-38, formerly C. S., 428. It is true defendants contend that James T. Woolard has had adverse possession of the land under

color of the deed of gift, but upon the facts found his contention is not supported in law. Upon such facts the law put him in possession of the land as a tenant in common with plaintiffs. And under the well settled principle that the possession of one tenant in common is in law the possession of all, the ouster of plaintiffs as tenants in common of the land in question will not be presumed from an exclusive use of the common property and appropriation by said defendant of the rents and profits for a less period than twenty years. See cases of *Cloud v. Webb* and others, *supra,* also *Ward v. Farmer, supra; Bullin v. Hancock, supra; Adderholt v. Lowman,* 179 N. C., 547, 103 S. E., 1; *Bradford v. Bank,* 182 N. C., 225, 108 S. E., 750.

Less than twenty years elapsed between the death of Kalite Woolard and the institution of this action. Hence, defendant James T. Woolard has failed to ripen title as against his co-tenants the plaintiffs, and they are entitled to be let into possession with him.

The judgment below is

Reversed.