E. E. BOYCE v. JOHN F. WHITE and FERMOR WARD.

(Filed 17 September, 1947.)

Adverse Possession § 7—

A grantee claiming by adverse possession a strip of land lying outside of the boundaries called for in the deed may not tack his grantor's possession of such strip, the deed alone being insufficient to create privity between the grantor and the grantee as to such strip.

APPEAL by plaintiff from *Frizzelle, J.,* at November Term, 1946, of CHOWAN. Error and remanded.

This was an action to determine the location of the boundary line between the adjoining lands of plaintiff and defendants.

By consent the case was heard by a referee, who reported findings of fact and conclusions of law locating the line substantially as contended by the defendants. Plaintiff's exceptions thereto were overruled and the referee's report confirmed by the trial judge. Plaintiff appealed.

*W. A. Worth for plaintiff, appellant.*
*Marvin Wilson and J. A. Pritchett for defendants, appellees.*

DEVIN, J. Both parties claim title from the same source. J. M. Forehand owned two adjoining tracts of land, the dividing line between them extending generally northwest and southeast. In 1920 he conveyed the tract lying northeast of the dividing line to his son J. Lester Forehand, and on same date conveyed the land lying southwest of the line to his daughter Corinne Forehand Bell. In 1943 J. Lester Forehand conveyed his land so acquired to the defendants, and in same year Corinne Forehand Bell conveyed her tract of land to the plaintiff. A controversy arose between the plaintiff and defendants as to the location of the dividing line between these tracts of land. The trial was by referee.

It was found by the referee that the dividing line described in the deeds from J. M. Forehand, as well as in the deeds from his predecessors in title, was that designated on the court map by the numerals 2 to 15, which is the line claimed by the plaintiff. However, the referee found that the title to two parcels of land, aggregating 7.62 acres, lying on the southwest side of this dividing line, had been acquired by the defendants and their predecessors in title by adverse possession for more than twenty years, and concluded that in consequence the true dividing line should be located in accordance with the defendants' contentions so as to include the area referred to, and to require the establishment of the line designated on the map by the letters ABD. Plaintiff's exception to this finding and conclusion was overruled by the trial judge, and in this we think there was error.

All the deeds appearing in the record, as found by the referee, show the southwest boundary of the defendants' land (the J. Lester Forehand tract) to be that indicated on the map by the numerals 2 to 15. Neither defendants' deed, dated 1943, nor those of their predecessors in title cover the disputed parcels of land, or any land southwest of the line 2 to 15. Defendants' actual possession could not have been of longer duration than three years, nor could they extend the time of their adverse possession for the statutory period by adding to it that of J. Lester Forehand, for there was no privity between them as to land not embraced in J. Lester Forehand's deed to the defendants. The first deed offered, being deed from Brinkley to Baker, dated 1873, under which defendants claim, describes the line as now contended by the plaintiff in this action, and the referee so found. The same description in legal effect was brought forward in deeds from Baker to Deans (1880), Deans to J. M. Forehand (1891), J. M. Forehand to J. Lester Forehand, 1920, and from J. Lester Forehand to the defendants in 1943.

The general rule is stated in 1 Am. Jur., 880-882, as follows: "Several successive possessions cannot be tacked for the purpose of showing a continuous adverse possession where there is no privity of estate or connection of title between the several occupants . . . Privity, therefore, is essential. . . . A deed does not of itself create privity between the grantor and the grantee as to land not described in the deed but occupied by the grantor in connection therewith, although the grantee enters into possession of the land not described and uses it in connection with that conveyed."

In the language of *Justice Connor* in *Jennings v. White,* 139 N. C., 23, 51 S. E., 799: "It cannot be that several disseizins having no privity can be tacked so as to vest title." The principle seems to have been well settled that in order to sustain titles claimed by the adverse possession of several occupants there must be shown connected possession and a privity

of grant or descent. *Barrett v. Brewer,* 153 N. C., 547, 69 S. E., 614; *May v. Mfg. Co.,* 164 N. C., 262, 80 S. E., 380; *Johnston v. Case,* 131 N. C., 491, 42 S. E., 957.

It is apparent that the finding and conclusion of the referee as to the location of the dividing line, based upon adverse possession of the area in dispute by the defendants and those under whom they claim for twenty years, is not supported by the evidence, and that the court below was in error in overruling plaintiff's exceptions on this point, and in confirming the report of the referee. The cause is remanded to the Superior Court for further proceedings not inconsistent herewith.

Error and remanded.