JOHN DORSEY (DOSSEY) BATTLE AND WIFE HESTER BATTLE, WIL-
LIAM GASTON BATTLE AND WIFE LULA BATTLE, SYLVESTER
BATTLE AND WIFE MAMIE BATTLE, LENDORA YANCEY BROWN
AND HUSBAND HENRY W. BROWN, SYLVESTER YANCEY AND WIFE
ARTHALIA PORTER YANCEY, LILLIAN YANCEY KING AND HUSBAND
JESSE KING, CHRISTINE YANCEY HUNDLEY AND HUSBAND HARVEY
HUNDLEY, GRACIE YANCEY CAMPBELL AND HUSBAND CLYDE
CAMPBELL, CLARENCE G. YANCEY AND WIFE MARGELINE BROWN
YANCEY, ARCENIA YANCEY HINES, EULA MAE YANCEY DIXON
AND HUSBAND MALACHI DIXON, DAISY BATTLE, WIDOW OF DOSSEY
BATTLE, DECEASED; JAMES H. BODDIE AND WIFE LOUISE BODDIE,
JULIA BODDIE GALLOWAY AND HUSBAND WILLIAM GALLOWAY,
ARCENIA JONES TAYLOR, WILLIAM JONES, UNMARRIED; SARAH
JONES, UNMARRIED; MARTHA ANN JONES BURNETT AND HUSBAND
LONNIE BURNETT, JUDGE JONES AND WIFE LOSSIE JONES, v. HEN-
DERSON BATTLE, UNMARRIED, NON COMPOS MENTIS; JOSEPHINE
BATTLE, WIDOW OF LORENZA BATTLE, DECEASED; PEARLIE BATTLE
WHITAKER AND HUSBAND JOE WHITAKER, HOWARD BATTLE AND
WIFE ARTHELIA BATTLE, MARY BATTLE (WILLIAMS) HAYWOOD
AND HUSBAND EARL HAYWOOD, MAGGIE BATTLE DANCY AND HUS-
BAND ALBERT DANCY, ELLA BATTLE ALLEN AND HUSBAND CURTIS
ALLEN, JOSEPHINE BATTLE WATSON AND HUSBAND HAYWOOD
WATSON, JULIA BATTLE, MINOR; ROWLAND BATTLE, MINOR;
BEETIE MAE BATTLE, MINOR; DAISY ELLA BATTLE, MINOR; JAMES
TAYLOR, HUSBAND OF ARCENIA JONES TAYLOR; ANNIE JONES
BATTLE AND HUSBAND ROSCOE BATTLE, FLETCHER JONES AND
WIFE ELVERT JONES, LOUISE BATTLE JEFFERSON, WIDOW; LIL-
LIAN BATTLE, UNMARRIED; SAMUEL HINES, HUSBAND OF ARCENIA
YANCEY HINES: LORENZA BATTLE, JR., AND WIFE NANNIE BAT-
TLE, EDDIE JONES AND WIFE VENIE JONES, MARY JONES, UNMAR-
RIED; HOWARD BATTLE, ADMINISTRATOR OF ARCENIA HOPKINS,
DECEASED; WILKINSON, BULLUCK & COMPANY, INC., A CORPORATION;
UNKNOWN HEIRS OF ARCENIA HOPKINS, DECEASED; ALL OTHER PERSONS
HAVING OR CLAIMING AN INTEREST IN THE SUBJECT MATTER OF THIS ACTION
AND WHOSE NAMES AND RESIDENCES ARE UNKNOWN, AND HENRY JONES
(ADDITIONAL PARTY DEFENDANT).

(Filed 30 April, 1952.)

1. **Adverse Possession § 3—**

The owner of a lot invested her daughter and son-in-law with possession
and thereafter attempted to convey the lot to them by deed which, through
error, failed to include the lot in its description. *Held:* The daughter's
and son-in-law's possession of the *locus* in the character of owners is
adverse to the grantor and all others. *Gibson v. Dudley*, 233 N.C. 255, dis-
tinguished.

2. **Adverse Possession §§ 4a, 7—**

A daughter maintained adverse possession of the *locus* against her
mother and all others, but her mother died intestate prior to the expira-
tion of twenty years. The daughter remained in exclusive possession, but
was entitled to the interest of a tenant in common therein. *Held:* Al-
though the daughter may not tack the adverse possession against her

mother to her possession against her cotenants, nevertheless her adverse possession for more than twenty years after her mother's death ripens title in her as against her cotenants.

**3. Adverse Possession § 13e—**

Where the statute of limitations has begun to run against the ancestor, upon the ancestor's death, the statute continues to run against the ancestor's children notwithstanding that they are minors.

**4. Same—**

Where a person is *non compos mentis* at the time the statute of limitations begins to run against him, his interest cannot be barred during his disability.

**5. Insane Persons § 15—**

An admission by a guardian *ad litem* does not adversely affect the rights of the person *non compos mentis* which are existent upon the admitted facts.

**6. Trial § 32—**

A party desiring more specific instructions on any subordinate phase of the evidence must aptly tender request therefor.

APPEAL by defendants from *Bone, J.,* November-December Term, 1951, of NASH. Modified and affirmed.

*Spruill & Spruill for plaintiffs, appellees.*
*J. J. Sansom, Jr., for defendants, appellants.*

DEVIN, C. J. This was an action to determine the title to certain lots in the city of Rocky Mount on West Thomas Street. It was established by the verdict of the jury that the plaintiffs James H. Boddie and Julia Boddie Galloway were the owners of the lot known and designated as No. 817, and that the plaintiffs and defendants as heirs of Arcenia Hopkins were tenants in common in the other adjoining lots described in the pleadings. The bone of contention was the title to lot No. 817. There was no controversy as to the title to the other lots.

These several lots had been originally conveyed to Arcenia Hopkins in 1902. The plaintiffs' evidence tended to show that in 1908 Arcenia Hopkins placed her daughter Arcenia Boddie and her husband Julius Boddie in possession of lot No. 817, and that Arcenia Hopkins joined with them in building a house thereon in which the daughter and husband made their home and reared their children. In 1919 Arcenia Hopkins made a deed to Arcenia and Julius Boddie intending to convey this lot to them, but by some mistake, not discovered at the time, the particular description of the lot did not include No. 817. Arcenia and Julius Boddie continued in the exclusive and undisturbed occupancy of this house and lot claiming it as their own, paying taxes, making additions,

and holding adversely to Arcenia Hopkins and all others until the death of Arcenia Hopkins which occurred in 1925. Thereafter Arcenia and Julius Boddie continued in the exclusive possession of this house and lot, holding adversely to the heirs of Arcenia Hopkins, until the death of Arcenia Boddie in 1941. Julius Boddie had predeceased her. Thereafter plaintiffs James H. Boddie and Julia Boddie Galloway, the only children and heirs of Arcenia and Julius Boddie, continued in possession of the house and lot, either occupying it or renting it, and have continued to do so up to the present time. This suit to clarify the title was instituted 5 May, 1950.

There was no exception to the evidence or to the charge of the court to the jury. The defendants noted exception to the denial of their motion for judgment of nonsuit, but we think the evidence was sufficient to carry the case to the jury on the question of adverse possession and to support the verdict in favor of plaintiffs on this issue.

Plaintiffs' claim of title was based on adverse possession for 20 years under known and visible lines and boundaries. G.S. 1-40. The court properly submitted to the jury the question of whether the possession and occupancy of the house and lot by plaintiffs and those under whom they claim was permissive or adverse, and, if so, whether it was continually and exclusively maintained for the statutory period.

The evidence of the investiture of Arcenia Boddie and her husband in possession of this lot and of the execution of a deed intended by the owner to convey it to them, was properly submitted to the jury to be considered with the other evidence of continuous and exclusive occupancy in the support of plaintiffs' contention that possession thereafter by them and those to whom their right descended was adverse, and that it was maintained with intent to claim against the former owner and all other persons.

This was not a case of mistaken boundary, but on the contrary plaintiffs' evidence tended to show claim of title as owners of a particular lot ascertained under known and visible lines and boundaries. *Gibson v. Dudley,* 233 N.C. 255, 63 S.E. 2d 630. The court correctly instructed the jury as to the elements necessary to constitute adverse possession under the facts here in evidence, and properly submitted to them the question whether plaintiffs' possession was by permission of the owner or owners, or was adverse to them and to all other persons. *Locklear v. Savage,* 159 N.C. 236, 74 S.E. 347.

But the plaintiffs in making out their case were unable to show adverse possession for a sufficient length of time to ripen title before the death of Arcenia Hopkins in 1925, and could not in law under the circumstances of this case, tack that inadequate period to their subsequently continued possession after her death, for the reason that their title to the house and

lot not having ripened, upon the death of Arcenia Hopkins, in whom the title still remained, Arcenia and Julius Boddie became tenants in common with the other children of Arcenia Hopkins. *Brite v. Lynch, ante,* 182, 69 S.E. 2d 169.

Thereupon the possession of lot No. 817 by Arcenia and Julius Boddie and their successors by descent (*Boyce v. White,* 227 N.C. 640, 44 S.E. 2d 49) became in law the possession also of their cotenants, and it required 20 years adverse possession thereafter to constitute an ouster. *Crews v. Crews,* 192 N.C. 679 (686), 135 S.E. 784; *Bailey v. Howell,* 209 N.C. 712, 184 S.E. 476; *Winstead v. Woolard,* 223 N.C. 814 (817), 28 S.E. 2d 507.

However, we think there was evidence as found by the jury tending to show possession by Arcenia and Julius Boddie and by the plaintiffs James H. Boddie and Julia Boddie Galloway, their successors by descent, adverse to their cotenants and all others for more than 20 years, sufficient to ripen title against those who were not under disability at the time the statute began to run.

There was no exception to the charge or request for further or more specific instructions on any phase of the evidence, and appellants' assignments of error as to the judge's charge cannot be upheld. *S. v. Warren,* 228 N.C. 22, 44 S.E. 2d 207; *S. v. Brooks,* 228 N.C. 68, 44 S.E. 2d 482; *Metcalf v. Foister,* 232 N.C. 355, 61 S.E. 2d 77; *S. v. Reeves, ante,* 427. It may be noted that a majority of the heirs of Arcenia Hopkins have joined with James H. Boddie and Julia Boddie Galloway as parties plaintiff and are asking that these two be declared sole owners of Lot No. 817.

All the defendants are of full age except the four children of Dorsey Battle who was a son of Arcenia Hopkins. These are represented by a guardian *ad litem,* who, after investigation, has admitted the facts alleged in the complaint. None of the children of Arcenia Hopkins were under disability at the time the statute of limitations began to run against them. There is a well recognized rule that when the statute of limitations has begun to run no subsequent disability will interfere with it. *Cameron v. Hicks,* 141 N.C. 21 (34), 53 S.E. 728. "Where the statute of limitations begins to run in favor of one in adverse possession against an owner who dies leaving heirs who are minors, their disability of infancy does not affect the operation of the statute, since the disability is subsequent to the commencement of the running of the statute." 1 Am. Jur. 803, 43 A.L.R. 943 (note). However, this rule does not apply to Henderson Battle, a son of Arcenia Hopkins, who was and has been since infancy *non compos mentis.* The statute of limitations would not bar his right to an undivided interest in lot No. 817, nor would adverse possession ripen plaintiffs' title as against him. It is apparent, therefore, that Henderson

Battle's one-ninth interest in this lot has not been divested. Though his guardian *ad litem* admitted the facts alleged in the complaint, this would not adversely affect rights which the admitted facts disclose. It follows that plaintiffs James H. Boddie and Julia Boddie Galloway have acquired title to eight-ninths undivided interest in lot No. 817, and are tenants in common therein with Henderson Battle who is entitled to a one-ninth undivided interest in the fee thereof. The judgment must be modified accordingly.

The motion for judgment of nonsuit was properly denied. No material or prejudicial error has been made to appear, and the result will not be disturbed except in respect to the rights of Henderson Battle as herein pointed out. Judgment will be entered in accordance with this opinion.

Modified and affirmed.