FLETCHER CHAMBERS, MRS. LUNA MAC HUNNICUTT, MRS. WM. IRA
WILSON, M. T. CHAMBERS, J. R. CHAMBERS, GEORGE R. CHAM-
BERS, MRS. DEWEY SKINNER, P. L. CHAMBERS, H. W. CHAMBERS
AND JAMES F. CHAMBERS, v. MYRLE CHAMBERS, GLADYS C. LONG
AND HUSBAND MACK LONG, GARLAND CHAMBERS, JR., AND WIFE
ALBERTA CHAMBERS, LANCE CHAMBERS AND WIFE LORINA M.
CHAMBERS, JOYCE CHAMBERS WINN AND HUSBAND BILL WINN,
MONTE CHAMBERS AND WIFE HILDA J. CHAMBERS, JOAN CHAM-
BERS, AND MYRLE CHAMBERS AND LANCE CHAMBERS, ADM. D. B. N.
OF THE ESTATE OF J. E. CHAMBERS, DECEASED.

(Filed 11 June, 1952.)

1. **Adverse Possession § 4k—Evidence of adverse possession by son against
   father held sufficient to take issue to jury.**

   Evidence tending to show that shortly after a father purchased a tract
   of land he divided it by a well defined boundary and put one of his sons in
   possession of one of the divisions, and that such son for a period of more
   than twenty years thereafter maintained exclusive dominion over the land
   in the character of owner, occupying it as a separate home for himself and
   family, cultivating it, receiving the rents therefrom, and listing and paying
   taxes thereon, *is held* sufficient to be submitted to the jury on the question
   of the son's acquisition of title by adverse possession and to overrule
   motion to nonsuit on the part of the heirs of another son upon their con-
   tention supported by evidence that the first son's possession was permis-
   sive.   G.S. 1-40.

2. **Adverse Possession § 9a—**

   Where a party claims under color of title of an asserted will, but does
   not show that the paper was ever probated and does not offer it in evi-
   dence, the trial court correctly declines to submit an issue as to adverse
   possession on the part of such party under color of title.   G.S. 1-38.

APPEAL by defendants from *Bennett, Special Judge,* November Special
Term, 1951, of PERSON.   No error.

Action to recover land, and damages for wrongful withholding.

Title was admitted in a common ancestor, John E. Chambers, under a
deed dated 4 December, 1899, describing 226 acres.   The plaintiffs are
heirs at law of Joe P. Chambers, son of John E. Chambers, and the
defendants are heirs of Garland Chambers, another son of John E.
Chambers.

The plaintiffs alleged and offered evidence tending to show that John E.
Chambers, soon after he acquired title, divided the land into eastern and
western portions of 113 acres each, and placed his son Joe P. Chambers
in possession of the western division and his daughter Lula Bowles in
possession of the eastern portion.   It was alleged that Joe P. Chambers
entered into possession of the western tract under the oral investiture of
his father in 1900, and· thereafter continued in the open, exclusive and
adverse possession thereof until his death 3 May, 1930, and that this

possession under known and visible lines and boundaries vested a good title thereto in him, a title which descended to the plaintiffs, his heirs at law.

Joe P. Chambers died in May, 1930. John E. Chambers died in August, 1930. Thereafter Garland Chambers took possession of this land and remained in possession until his death in 1945, since when the defendants, his heirs, have continued in possession.

This action was instituted September, 1949.

The defendants denied that Joe P. Chambers had acquired title by adverse possession at the time of his death in 1930, and contended that whatever possession he had was permissive. Defendants further alleged that their possession was under color of title for more than seven years.

Defendants excepted to the denial of their motion for judgment of nonsuit, and also to the court's refusal to submit an issue as to defendants' allegation of adverse possession under color.

The jury for their verdict answered the issues submitted as follows:

"1. Were the plaintiffs, and those under whom they claim, in the open, notorious and continuous adverse possession of the property described in the complaint under known and visible lines and boundaries for a period of twenty years, as alleged in the complaint? Answer: Yes.

"2. If so, what damages, if any, are the plaintiffs entitled to recover of the defendants for the unlawful withholding of the lands described in the complaint? Answer: $1375.00."

From judgment on the verdict defendants appealed.

*Melvin H. Burke and George L. Burke, Jr., for plaintiffs, appellees.*

*B. I. Satterfield, Fuller, Reade, Umstead & Fuller, and James L. Newsom for defendants, appellants.*

DEVIN, C. J. The defendants' appeal presents two questions: (1) Was there error in denying defendants' motion for judgment of nonsuit? (2) Was there error in declining to submit an issue as to adverse possession on the part of defendants under color of title?

1. There was no controversy over the fact that Joe P. Chambers, under whom the plaintiffs claim, at the time of his death in 1930, had been in possession of the land described, cultivating it, receiving the rents therefrom, listing and paying taxes thereon, making improvements and occupying it as a separate home for himself and his family. There was also evidence that he laid out thereon a burial ground in which one of his wives was interred and in which he also was buried. One of the sons of Joe P. Chambers testified without objection that "Granddaddy bought the whole thing (226 acres) and said he was going to give Aunt Lula half the farm and my father the other half"; that there was a well defined line

between the two divisions, and that the outer boundaries were known and visible; that John E. Chambers, who lived elsewhere, referred to this land as "Joe's place," and did not list it for taxation. There was also evidence for plaintiffs that Joe P. Chambers' possession was continuous, exclusive and uninterrupted for thirty years. G.S. 1-40; *Locklear v. Savage,* 159 N.C. 236, 74 S.E. 347.

Defendants contended that Joe P. Chambers' possession was permissive and not adverse to John E. Chambers, his father, and offered evidence tending to support this view.

But considering plaintiffs' evidence in the light most favorable for them, as we must do on a motion to nonsuit, and the permissible inferences deducible from the facts shown, we think the evidence sufficient to carry the case to the jury and to present a question for their decision. *Battle v. Battle, ante,* 499, 70 S.E. 2d 492; *Grimes v. Bryan,* 149 N.C. 248, 63 S.E. 106. The judge's charge to the jury was not sent up, but presumably he instructed the jury properly on all matters of law arising on the evidence and applicable to the issues. *Riley v. Stone,* 174 N.C. 588, 94 S.E. 434. The jury has accepted the plaintiffs' view and found from the evidence that Joe P. Chambers' possession of the land under known and visible lines and boundaries was adverse, and that it had continued for twenty years at the time of his death in 1930.

2. Defendants' second position is that if it be determined that Joe P. Chambers had acquired title by adverse possession at the time of his death, the defendants' father Garland Chambers shortly thereafter entered into possession of the land under an alleged will of John E. Chambers and continued in possession thereunder for seven years, vesting in him a valid title which descended to his heirs, the defendants in this case, G.S. 1-38, and that the court erred in declining to submit an issue addressed to this contention. But we note that while there is an allegation in the answer that John E. Chambers left a will (which was denied in the reply), no will or other paper writing was offered in evidence to support the allegation of color. True, there appears as a defendants' exhibit a "purported" will of John E. Chambers, but this does not show that the paper was ever probated as the will of John E. Chambers, and was not offered in evidence. Hence the ruling of the court on the evidence presented, in the absence of any evidence of a colorable title and entry into possession thereunder, must be sustained. The evidence was insufficient to show adverse possession by defendants for twenty years. The entry of their ancestor was in August, 1930, and this suit was instituted in September, 1949. G.S. 1-40.

No exception other than those herein discussed was referred to in defendants' brief. Rule 28.

We conclude that the ruling of the trial court on the questions now presented was correct, and that in the trial there was

No error.