## CHAMBERS v. CHAMBERS.

(Filed 22 August, 1952.)

**1. Evidence § 35—**

The introduction in evidence of the official will book from the clerk's office containing the instrument in question raises the presumption that the will had been duly proven.

**2. Adverse Possession § 9a—**

Where title to land has been acquired by another prior to the execution of a will, a devise in the will of "the remainder of all my property consisting of real estate" without any particular description of the *locus* does not raise any presumption that testator intended to devise the *locus* and, nothing else appearing, the will is not color of title in favor of the named devisee.

**3. Appeal and Error § 43—**

Where the matter pointed out in a petition for rehearing is insufficient to alter the result, the petition will be denied.

PETITION by defendants to rehear this case reported in 235 N.C. 749.

The Justices to whom the petition was referred filed the following memorandum in passing upon the petition.

*Fuller, Reade, Umstead & Fuller and B. I. Satterfield for petitioners.*

DEVIN, C. J., and JOHNSON, J., considering the petition to rehear.

The only question raised by the petition to rehear was whether there was evidence offered in the trial which would have warranted submission of an issue, tendered by defendants, of adverse possession of the land under color by Garland Chambers and his children.

In affirming the decision below on this point the opinion of this Court proceeded on the view that the record did not show that the will of John E. Chambers had been probated or was offered in evidence (235 N.C. 751).

The printed record of the "purported" will does not show that it was ever proven as John E. Chambers' will, but on page 47 of the record it does appear the defendants, without objection, offered in evidence "what purports to be the last will and testament of John E. Chambers recorded in Book 21 of Wills at page 243." This purported will was inserted in the Record as Exhibit C.

As the will was offered from the record in the official Will Book from the clerk's office, the presumption would arise that the will had been duly proven.

However, an examination of the will discloses that in paragraph 1 the testator devised to the children of his daughter Lula "113 acres known as the Franklin land" (eastern half); and in paragraph 5 he devised to

766

Garland Chambers "the remainder of all my property consisting of real estate," and all personal property.

There was no particular description of the Joe Chambers land (the land in controversy), and as Joe Chambers had acquired title to the land by adverse possession before the will was written as found by the jury (and affirmed by this Court), it would not be presumed the testator intended to devise under the designation "all my property" land of which he had been divested, unless he had described the Joe Chambers land by particular description (*Elmore v. Byrd,* 180 N.C. 120). And nothing else appearing, the indefinite description of "all my property" would not constitute color of title to the Joe Chambers land and serve to vest title in Garland Chambers after 7 years adverse possession. It would take 20 years, which defendants could not show.

For the reasons stated, the petition to rehear is denied.