T. G. WILSON AND WIFE, HARRIETT WILSON, v. MRS. W. A. (RELLIE) WILSON; ROY WILSON AND WIFE, MRS. ROY WILSON; MYRTLE WILDER AND HUSBAND, AVERIS WILDER; MARY CODY WALLIN AND HUSBAND, ELL WALLIN; N. A. CODY AND WIFE, CALLIE CODY; REVEL CODY AND WIFE, BIDDIE ANNE CODY; LOLA CODY SPRINKLE AND HUSBAND, .............. SPRINKLE; MRS. DAISY CODY SAMS; CLOTA SAMS ET VIR HOWARD SAMS; MELLIE CODY BATES; BLANCHE WILSON CLARK AND HUSBAND, ERNEST CLARK; SALLIE W. PLEMMONS AND HUSBAND, HORACE PLEMMONS; KITTIE WILSON HALL AND HUSBAND, .............. HALL; CON WILSON AND WIFE, MRS. CON WILSON; JESSIE WILSON (DECEASED) HEIRS; ADDIE WILSON (DECEASED) HEIRS; ORA WILSON (DECEASED) HEIRS; ALL UNKNOWN HEIRS-AT-LAW OF MARTHA CAROLINE (PATTY) WILSON, IF ANY, AND ANY AND ALL PERSONS CLAIMING AN INTEREST IN THE LANDS OF MARTHA CAROLINE (PATTY) WILSON, DECEASED.

(Filed 25 February, 1953.)

**1. Adverse Possession § 4g—**

An instruction to the effect that if the jury should find that the lands were conveyed to the common ancestor, who held record title to her death, nothing else appearing, the record title would be in her heirs subject to be divested by showing a conveyance from her or by proof of adverse possession for the statutory period, *is held* without error.

**2. Same—**

Where one of the heirs goes into adverse possession of a tract of land, but the ancestor dies before such possession has been held for twenty years, such possession prior to the ancestor's death may not be tacked to the heir's possession subsequent to the ancestor's death, and such heir's possession for less than twenty years subsequent to the ancestor's death does not ripen title in him.

APPEAL by defendants Blanche Clark and Ernest Clark from *Patton, Special Judge,* October Term, 1952, of MADISON. No error.

The plaintiffs instituted this proceeding for partition of a described tract of 23 acres of land, upon allegation that the plaintiffs and the defendants were tenants in common therein.

The plaintiffs alleged the title to the land descended to the parties as heirs of Martha C. Wilson (hereinafter referred to as M. C. Wilson) who died intestate and without issue in 1936. The parties are the brothers and sisters of M. C. Wilson, and the representatives of those who have died.

The defendant Blanche Clark (who is a daughter of J. K. Wilson, brother of M. C. Wilson) and her husband Ernest Clark denied the tenancy in common and pleaded sole seizin. They admitted that M. C. Wilson formerly owned the land, but alleged that J. K. Wilson had purchased the land from her, and that he and the answering defendants as his heirs, since his death, had been in exclusive possession of the land holding it adversely for more than twenty years.

Consequent upon the plea of sole seizin the cause was transferred to the Superior Court for trial. At the hearing plaintiffs offered deed from W. H. Sams and wife, dated 1899, conveying the land in question to M. C. Wilson, and evidence of possession thereunder by her until her death in 1936. There was also evidence that M. C. Wilson died intestate and without issue, and that the plaintiffs and the defendants were her only heirs at law.

The answering defendants, though unable to show a conveyance from M. C. Wilson to J. K. Wilson, offered evidence tending to show adverse possession of the land by J. K. Wilson, who died in 1941, and since his death by his heirs extending over a continuous period of more than 20 years. Plaintiffs' evidence in rebuttal tended to show that whatever possession defendants had was permissive and not adverse.

The verdict established that the record title to the land was in the plaintiffs and defendants as heirs of M. C. Wilson, and that the defendants Clark had failed to show adverse possession of the land sufficient to vest title thereto in themselves.

From judgment on the verdict the defendants Blanche Clark and Ernest Clark appealed, assigning errors.

*Clyde R. Roberts for petitioners, appellees.*
*Calvin R. Edney for defendants, appellants.*

DEVIN, C. J. The appellants attack the validity of the verdict and judgment below chiefly on the ground that the trial judge erred in his charge to the jury. Exceptions were noted to several portions of the charge but upon examination of the instructions complained of, when considered in connection with and in relation to the evidence offered, we perceive no error which would warrant the award of a new trial.

We think the court's charge on the evidence and the law arising thereon fairly and fully presented the case to the jury. In effect, the jurors were instructed if they found that there had been a conveyance of the land by deed in 1899 to M. C. Wilson followed by possession thereunder until her death in 1936, then, nothing else appearing, the record title would be in her heirs, subject to be divested by showing a conveyance from her, or by adverse possession of the land for the statutory period by J. K. Wilson

and his heirs.  In this connection we note that the defendants in their answer admitted that the land was formerly owned by M. C. Wilson. Notwithstanding the appellants' criticism of the form of the first issue and the charge thereon, we think the jury understood the case and the court's instruction as applicable to the facts in evidence.

On the question of the court's instructions to the jury as to the adverse possession of J. K. Wilson during the lifetime of M. C. Wilson and the effect of her death in the event title by adverse possession had not then vested in him, we think the court properly applied the principle of law laid down in *Battle v. Battle,* 235 N.C. 499, 70 S.E. 2d 492.  In that case the Court said : "But the plaintiffs in making out their case were unable to show adverse possession for a sufficient length of time to ripen before the death of Arcenia Hopkins in 1925, and could not in law under the circumstances of this case, tack that inadequate period to their subsequently continued possession after her death, for the reason that their title to the house and lot not having ripened, upon the death of Arcenia Hopkins, in whom the title still remained, Arcenia and Julius Boddie became tenants in common with the other children of Arcenia Hopkins. *Brile v. Lynch, ante,* 182, 69 S.E. 2d 169.  Thereupon the possession of lot No. 817 by Arcenia and Julius Boddie and their successors by descent (*Boyce v. White,* 227 N.C. 640, 44 S.E. 2d 49) became in law the possession also of their cotenants, and it required 20 years adverse possession thereafter to constitute an ouster.  *Crews v. Crews,* 192 N.C. 679 (686), 135 S.E. 784; *Bailey v. Howell,* 209 N.C. 712, 184 S.E. 476; *Winstead v. Woolard,* 223 N.C. 814 (817), 28 S.E. 2d 507."

If the jury found that M. C. Wilson had acquired title to the land, and that J. K. Wilson had taken possession and was holding adversely to her in her lifetime, unless such possession had continued for 20 years (*Chambers v. Chambers,* 235 N.C. 749, 71 S.E. 2d 57), upon her death the title still remained in her, and J. K. Wilson, one of her brothers, then became by operation of law one of her heirs and tenant in common with the other heirs ; and it would require 20 years adverse possession thereafter to vest title in him and his heirs as against their cotenants.  As we interpret the record the appellants did not offer evidence of adverse possession on the part of J. K. Wilson prior to 1922, and it was uncontradicted that M. C. Wilson died in 1936, and this proceeding was instituted in 1950.  In any event, the jury has found upon consideration of all the evidence that the defendants Clark have not held the land adversely for 20 years under the rule laid down by the court.

We have examined the appellants' assignments of error based on exceptions to the court's ruling on matters of testimony and find them without merit.  The motion to nonsuit was properly denied.

The jury declined to sustain defendants' plea of sole seizin by adverse possession and has found the facts in accord with the plaintiffs' contentions. On the record we find no sufficient ground upon which to disturb the result.