L. E. GARRIS AND WIFE, ETHEL GARRIS v. G. L. BUTLER AND WIFE, WILLIE MAE BUTLER

No. 7212DC367

(Filed 12 July 1972)

1. Quieting Title § 2— burden of proof

In an action to remove cloud from title, the burden is upon plaintiffs to prove title good against the whole world or against the defendants by estoppel.

2. Adverse Possession § 1— nature of possession

In order for adverse possession to ripen title in the possessor, the possession must be actual, open, hostile, exclusive and continuous.

3. Adverse Possession § 3— belief that land is included in claimant's deed

Where a grantee went into possession of the tract of land conveyed and also a contiguous tract under the mistaken belief that the

Garris v. Butler

contiguous tract was included within the description in his deed, no act of the grantee, however exclusive, open and notorious, constituted adverse possession of the contiguous tract so long as he thought his deed covered the contiguous tract, since there was no intent on his part to claim adverse to the true owner.

APPEAL by defendant from *Herring, District Judge,* 19 October 1971 Session of District Court held in CUMBERLAND County.

This is a civil action to remove cloud from title of a 2.14 acre tract of land claimed by plaintiffs, L. E. Garris and wife, Ethel Garris, and defendants, G. L. Butler and wife, Willie Mae Butler. In their complaint, plaintiffs alleged that in the year 1948 they "assumed the full, complete, open, notorious and adverse possession" of a 2.14 acre tract of land in Cumberland County, North Carolina, and that for a period of more than 21 years prior to the commencement of this "have been in actual, open, notorious, hostile, continuous, exclusive and adverse possession of said land described in this complaint under known and visible lines and boundaries." Defendants filed answer denying the material allegations of the complaint but admitted "that they have an interest or estate in the land described in the complaint adverse to the claim of the plaintiffs."

At a trial before the judge without a jury, the plaintiffs offered evidence tending to show that in 1948 they purchased from a Mrs. Beatty a 7.2 acre tract of land (Beatty land) adjacent to and south of the land in controversy. In 1948 the plaintiffs rented a portion of the land in controversy to a Mrs. Evans for a hog pasture. Mrs. Evans kept the hogs on the land from time to time until about 1960. The plaintiffs, Mrs. Evans, and others went on the land whenever they desired, and the plaintiffs cut wood for their barbeque pit from time to time. The plaintiffs never listed the property for taxes but paid taxes on the Beatty land which they believed included the land in controversy "until recently." The plaintiff, Garris, testified:

"I did not discover until recently that the 2.14 acre tract of land in dispute was not a part of the land I received by deed from Mrs. Beatty. I decided that it was not a part of the Beatty property when Dr. Butler built the road that leads to his house."

Dr. Butler cut a road to his house in 1966. The plaintiff sold Dr. Butler 3 acres of the Beatty land in 1966. Dr. Butler has

cut wood from the land in controversy since 1966. The plaintiffs had a road built from the Beatty tract across the land in controversy to Highway 59 or Country Club Drive in 1970.

The defendants offered evidence in substantial confict with that of the plaintiffs regarding use of the land in controversy by the plaintiffs from 1948 until the time of the trial.

The defendants' motion of involuntary dismissal made at the close of all of the evidence was allowed as to the claim of the plaintiff, Ethel Garris, and was denied as to the claim of the plaintiff, L. E. Garris. From a judgment declaring that the plaintiff, L. E. Garris, is the owner of the land in controversy and that the defendants have no interest or estate in said land and that the deeds under which the defendants claim title are nullities, the defendants appealed.

*No counsel for plaintiff, L. E. Garris, appellee.*

*Arthur L. Lane for defendant appellants.*

HEDRICK, Judge.

[1-3]   The defendants contend the court erred in denying their timely motion for involuntary dismissal. Defendants' motion for an involuntary dismissal in an action tried by the Court without a jury challenges the sufficiency of the plaintiffs' evidence to establish the right to relief. *Wells v. Insurance Co.,* 10 N.C. App. 584, 179 S.E. 2d 806 (1971). In an action to remove cloud from title, the burden is upon plaintiffs to prove title good against the whole world or against the defendants by estoppel. *Walker v. Story,* 253 N.C. 59, 116 S.E. 2d 147 (1960). "The plaintiff may safely rest his case upon showing such facts and such evidences of title as would establish his right to recover, if no further testimony was offered. This *prima facie* showing of title may be made by either of several methods." *Mobley v. Griffin,* 104 N.C. 112, 10 S.E. 142 (1889). In this action plaintiffs attempted to establish their title to the land in controversy by adverse possession under known and visible boundaries for more than 20 years. In order for adverse possession to ripen title in the possessor, the possession must be actual, open, hostile, exclusive, and continuous. 1 Strong, N. C. Index 2d, Adverse Possession, § 1, p. 54. Where as here, a grantee goes into possession of the tract of land conveyed to him and also a contiguous tract not included in the conveyance under the mistaken belief

Garris v. Butler

that the contiguous tract was included within the description in his deed, no act of such grantee, however exclusive, open and notorious will constitute adverse possession of the contiguous tract so long as he thinks his deed covers the contiguous tract, since there is no intent on his part to claim adverse to the true owner. *Price v. Whisnant*, 236 N.C. 381, 72 S.E. 2d 851 (1952). The evidence clearly reveals plaintiff, Garris, first assumed possession of the land in controversy in 1948 under the mistaken belief that his deed to the Beatty land embraced the disputed area, and that he did not discover his mistake until 1966 when he sold 3 acres of Beatty land to the defendants. No act of the plaintiff prior to the time he discovered that the land in controversy was not included in the Beatty land will be considered adverse, regardless of how exclusive, open and notorious it might have been. *Price v. Whisnant, supra; Gibson v. Dudley*, 233 N.C. 255, 63 S.E. 2d 630 (1951). Therefore, because the plaintiff's possession from 1948 to 1966 was not adverse, we need not consider what use, if any, the plaintiff made of the land in controversy after he learned it was not a part of the Beatty land since this covered a period of not more than six years.

We hold the plaintiff failed to offer sufficient evidence to show title in himself to the land in controversy by adverse possession for 20 years, and the court erred in not allowing the defendants' motion of involuntary dismissal. However, this does not have the effect of adjudicating title to the land in controversy in the defendants. *Taylor v. Scott* and *Lewis v. Scott*, 255 N.C. 484, 122 S.E. 2d 57 (1961). The judgment appealed from is

Reversed.

Judges BROCK and MORRIS concur.