RAY SIPE v. ESPIE D. BLANKENSHIP AND BEULAH MELO BLANKENSHIP AND RAY SIPE v. ESPIE D. BLANKENSHIP, BEULAH MELO BLANKENSHIP; AND TROY AUTON

No. 7722SC330

(Filed 15 August 1978)

1. **Boundaries § 15.1; Trespass § 7— processioning proceeding—damages for cut timber—directed verdict properly denied**

   The trial court did not err in denying defendants' motion for directed verdict in a processioning proceeding and in a civil action to recover damages for trees cut by defendants from plaintiff's property, since a bona fide dispute existed as to the true location of the dividing line between the parties' properties, making this action a true processioning proceeding which could not be dismissed by a directed verdict, and since the evidence was sufficient to permit the jury to determine what trees, and the value thereof, which each party had cut across the boundary line on the land of the other.

**2. Adverse Possession § 25.1— possession for less than twenty years—possession under belief that property is described in deed—no adverse possession**

   The trial court in a processioning proceeding did not err in refusing to submit an issue to the jury as to whether defendants and those under whom they claimed had acquired title to a disputed area by adverse possession since defendants failed to show either that they themselves possessed the disputed area for twenty years or that they were in such privity with their mother from whom they acquired the land as would in law entitle them to tack their possession to hers; moreover, it is the rule in this State that a grantee's occupation of land beyond the boundary called for in his deed under the mistaken belief that it was covered by the description in his deed will not be considered adverse, and defendants' possession therefore could not be considered adverse since defendants exercised possession over the disputed area solely because they believed, mistakenly as it turned out, that it was included in the description contained in their deed.

APPEAL by defendants from *Graham, Judge.* Judgment entered 17 December 1976 in Superior Court, ALEXANDER County. Heard in the Court of Appeals 8 February 1978.

Plaintiff Sipe and defendants Blankenship own adjoining tracts of land, the eastern boundary line of the Sipe tract being contiguous with the western boundary line of the Blankenship tract. This case arose because of a dispute as to the correct location of that line. The deed by which plaintiff Sipe acquired title to his land described his tract as follows:

Beginning at a post oak, Northwest corner of the Home Tract; thence South 190 poles to a chestnut oak near Simon Cline's; thence East 120 poles to a post oak, Icenhour's corner; thence North 31 poles to a hickory; thence East 22 poles to a stone; thence North 178 poles to a pine knot by the road; thence West 144 poles to the Beginning, containing 177 acres, more or less.

The deed by which defendants Blankenship acquired title to their land described their tract as follows:

Beginning on a black oak, George Bowman's corner; and runs West 158 poles to a pine knot by the side of the road; thence South 198 poles to a stone in Icenhour's line; thence East 20 poles to a stake, Icenhour's corner; thence North 10½ poles to a stake; thence East 121 poles to a hickory; thence North 159 poles to the Beginning, containing 129 acres, more or less.

At a pretrial conference, the parties stipulated that the correct distance of the second call in the deed to defendants Blankenship was 178 poles rather than 198 poles. Thus, the eastern boundary line of the Sipe property as described in his deed is the fifth call therein which is given as running from a stone "North 178 poles to a pine knot by the road," while the western boundary line of the Blankenship property as described in their deed is the second call therein which, as corrected by stipulation, is the line described as running from a pine knot by the side of the road "South 178 poles to a stone in Icenhour's line."

A dispute having arisen as to the correct location on the ground of the divisional line, plaintiff Sipe on 17 July 1974 instituted Case No. 74SP36 as a processioning proceeding under G.S., Chap. 38 against defendants Blankenship to establish the true location of the dividing line. On the same date, plaintiff Sipe instituted Case No. 74CVD237 as a civil action against defendants Blankenship and against defendant Auton, who had contracted with defendants Blankenship to cut timber from their tract. In his complaint in the civil action plaintiff alleged that the defendants had trespassed on his land by cutting and removing timber therefrom. Plaintiff prayed for an injunction to restrain defendants from cutting and removing trees from his land and for recovery of damages in double the value of the trees already cut as provided in G.S. 1-539.1. (The rights of defendant Auton are not directly involved on this appeal and the pleadings and evidence relating to plaintiff's claim against Auton and to Auton's counterclaim against plaintiff will not be set forth herein.)

Defendants Blankenship filed answer in the processioning proceeding, Case No. 74SP36, in which they disputed the correctness of plaintiff's eastern boundary line as he had alleged it to be in his petition. By way of further answer and defense (as finally amended), defendants also alleged that they and their predecessors in title had been in continuous, open, notorious, and adverse possession of the tract described in their deed under known and visible lines and boundaries for twenty years and for seven years under color of title. Defendants Blankenship also filed answer in the civil action, Case No. 74CVD237, in which they denied the allegations in plaintiff's complaint and alleged in a counterclaim that during the month of February 1974, plaintiff trespassed upon defendants' tract of land by cutting and remov-

ing trees therefrom, for which defendants sought recovery of damages from plaintiff in double the value of the trees cut.

The parties stipulated that the processioning proceeding, Case No. 74SP36, and the civil action, Case No. 74CVD237, should be consolidated for trial, and accordingly the two cases were consolidated and tried together before a jury in the superior court. At the trial there was introduced a court map which had been prepared by the registered surveyor appointed by the court to survey the contentions of the parties. The parties stipulated that plaintiff claims the true dividing line is the line shown on the court map as beginning at Point 1 and terminating at Point 2, while defendants claim the true dividing line is the line shown on the court map as beginning at Point A and terminating at Point B. Point A and Point 1 mark the southern termini while Point B and Point 2 mark the northern termini of the respective lines. The court map shows that Point A is 49.79 feet west of Point 1 along the southern boundary of the property and Point B is 115.45 feet west of Point 2 along the northern boundary. The line from Point 1 to Point 2, being the line contended for by the plaintiff, is a straight line. The line between Point A and Point B, being the line contended for by the defendants, is not a straight line but has a number of .slight turns to take in certain trees and other objects which defendants contended to the court-appointed surveyor marked or fell on their side of the boundary line. The area between the two lines, being the area in dispute, is a long, narrow strip of land containing 6.16 acres according to the court map.

After presentation of evidence by both parties, the jury returned verdict finding that the location of the true boundary line between plaintiff and defendants is the line from Point 1 to Point 2 as shown on the court map, being the line contended for by plaintiff, that defendants had cut timber of the value of $680.00 from the land of the plaintiff, and that plaintiff had cut timber of the value of $400.00 from the land of the defendants. From judgment in accord with the verdict, defendants appealed.

*Max F. Ferree, P.A., by William C. Gray, Jr., and Jerry A. Campbell for plaintiff appellee.*

*Sanders & London by Robert G. Sanders and J. Andrew Porter, and James B. Ledford for defendants appellants.*

PARKER, Judge.

[1]　Appellants first assign error to the denial of their motions for a directed verdict. In this there was no error. The pleadings and evidence make clear, and appellants in their brief filed on this appeal acknowledge, that the western line of the defendants is the same as the eastern line of the plaintiff. That a bona fide dispute exists as to the true location of that line is manifest. Therefore, this is in fact as well as in form a true processioning proceeding under G.S. Chap. 38, the primary purpose of which is to establish the correct location of the disputed dividing line. Such a proceeding may not be dismissed by a directed verdict. *Cornelison v. Hammond*, 225 N.C. 535, 35 S.E. 2d 633 (1945). Plaintiff had the legal right to have the line ascertained and fixed by judicial decree regardless of the sufficiency of his evidence to establish the line as contended for by him. Moreover, in this case plaintiff's evidence was sufficient to support the jury's verdict finding the true line to be as contended for by him. The remaining issues in the case, being those raised by the pleadings in the civil action in which each party charged the other with trespass by cutting timber across the line, could only be resolved by first determining the true location of the divisional line. Only then could the jury determine what trees, and the value thereof, which each had cut across the line on the land of the other. In our opinion, the evidence was sufficient to enable the jury to make that determination, and the court did not err in denying defendants' motions for a directed verdict, either in the processioning proceeding or in the civil action. Defendants' first assignment of error is overruled.

[2]　Appellants' only remaining assignment of error is directed to the court's refusal to submit an issue to the jury as to whether defendants Blankenship and those under whom they claim had acquired title to the disputed area by adverse possession under known and visible lines and boundaries for more than twenty years. We find no error in the refusal of the court to submit this issue. In this connection, defendants Blankenship presented evidence to show that they acquired title to their tract in 1963 by deed from their mother, who in turn had acquired title in 1890 in connection with the division of her father's estate. In 1916 or 1917 their mother and her brother, who then owned the tract now owned by plaintiff Sipe, had the line between their tracts

surveyed and placed a fence on the line. Remains of this fence in the form of downed fence posts and barbed wire were still visible when the survey was made for the court map in this proceeding in 1975, and these are shown as lying along the line from Point A to Point B on the court map. Their mother pastured cattle on the east side of the fence, and her brother pastured sheep on the west. Their mother also had timber cut on her tract up to the A-B line. The property was checked two or three times each year, and she cut what needed to be thinned out. She had timber cut during the past fifteen years. After they acquired title from their mother, defendants Blankenship also had timber cut on their tract.

Obviously, if the jury had answered the first issue in defendants' favor and had found the correct location of the divisional line to be from Point A to Point B as contended by defendants, then defendants would have obtained title to the disputed area by virtue of the deed from their mother and no issue as to their obtaining title by adverse possession could have arisen. Therefore, it was only to take care of the eventuality that the jury might, as it in fact did, answer the first issue against them that defendants requested the court to submit an issue as to whether they had obtained title to the disputed area by adverse possession. "[I]n pursuing the method of proving title by adverse possession, under color of title, a deed offered as color of title is such only for the land designated and described in it." *Williams v. Robertson*, 235 N.C. 478, 483, 70 S.E. 2d 692, 696 (1952). In the present case, the jury by its verdict on the first issue determined that the description in defendants' deed does not embrace the disputed area. Therefore, defendants could not and do not now contend that they obtained title to the disputed area by adverse possession for seven years under color of title under G.S. 1-38. Rather, they contend that they, and their mother under whom they claim, adversely possessed the disputed area under known and visible lines and boundaries for twenty years so as to give them title under G.S. 1-40. More specifically, they contend by their second assignment of error that the evidence was such as to entitle them to have an issue submitted to the jury on this question and that the refusal of the court to submit such an issue was error entitling them to a new trial. We do not agree.

At the outset we note that there was no evidence that defendants Blankenship themselves ever exercised possession over the disputed strip of land at any time prior to receiving the deed to their tract from their mother in 1963. Therefore, it is obvious they could not themselves have had possession of the disputed area for the requisite twenty years required to ripen title in them by adverse possession unless they can show such privity between themselves and their mother as would in law permit them to tack their possession to hers. On the present record the only privity shown between defendants Blankenship and their mother was that created by the deed given in 1963, the description in which, according to the jury's verdict on the first issue, does not include the disputed area. Although a grantee claiming land within the boundaries called for in the deed or other instrument constituting color of title may tack his grantor's possession of such land to that of his own for the purpose of establishing adverse possession for the requisite period, "the rule with us is that a deed does not of itself create privity between the grantor and the grantee as to land not described in the deed but occupied by the grantor in connection therewith, and this is so even though the grantee enters into possession of the land not described and uses it in connection with that conveyed." *Newkirk v. Porter*, 237 N.C. 115, 120, 74 S.E. 2d 235, 238 (1953). Thus, on the present record defendants Blankenship have failed to show either that they themselves possessed the disputed area for twenty years or that they are in such privity with their mother as would in law entitle them to tack their possession to hers. For this reason alone the court ruled correctly in refusing to submit an issue as to adverse possession.

For quite another reason, also, the court was correct in its ruling. It is the rule in this State that a grantee's occupation of land beyond the boundary called for in his deed under the mistaken belief that it was covered by the description in his deed will not be considered adverse. Thus, where a grantee goes into possession of a tract of land conveyed and also takes possession of a contiguous tract under the mistaken belief that the contiguous tract is also included within the description of his deed, no act on his part, however exclusive, open, and notorious, will constitute adverse possession of the contiguous tract prior to the time he discovers that the disputed area was not covered by the descrip-

tion in his deed. *Price v. Whisnant,* 236 N.C. 381, 72 S.E. 2d 851 (1952); *Gibson v. Dudley,* 233 N.C. 255, 63 S.E. 2d 630 (1951); *Garris v. Butler,* 15 N.C. App. 268, 189 S.E. 2d 809 (1972); *see* Annot., 80 A.L.R. 2d 1171 (1961). *But see Dawson v. Abbott,* 184 N.C. 192, 114 S.E. 15 (1922). In this connection, defendant Espie D. Blankenship testified:

> I am not claiming any of Mr. Sipe's land. Just ours. I'm claiming where the old line was set up. What's always been the old line. My mother pointed out to me where this old line was.

> \*    \*    \*    \*    \*

> . . . Sipe's east line and Blankenship's west line are the same by deeds. Out of the same corner. They are supposed to have the same corners. Says a pine knot and a stone in the Icenhour line in the south.

In view of this testimony, it is clear that the defendants Blankenship exercised possession over the disputed area solely because they believed, mistakenly as it turned out, that it was included in the description contained in their deed. Under *Price v. Whisnant, supra,* and *Gibson v. Dudley, supra,* such possession may not be considered adverse. For this reason also the court did not err in refusing to submit an issue as to adverse possession. Appellants' second assignment of error is overruled.

No error.

Judges MARTIN and ARNOLD concur.