WALTER C. WALLS AND WIFE, SUSAN B. WALLS v. H. G. GROHMAN AND WIFE, CATHERINE H. GROHMAN

No. 845DC438

(Filed 5 February 1985)

Adverse possession § 3— belief that land was included in defendants' deed—possession not adverse

> In an action to remove a cloud upon title where plaintiffs alleged that defendants claimed an interest in a 50 foot wide tract of plaintiffs' land, evidence was sufficient to support the finding of the district court that defendants' possession of the disputed lands was not adverse where the evidence tended to show that defendants exercised possession over the disputed area solely because they believed that it was in fact their land and that it was included in the description contained in their deed.

APPEAL by defendants from *Tucker, Judge.* Judgment entered 21 February 1984 in District Court, NEW HANOVER County. Heard in the Court of Appeals 6 December 1984.

This is an action to remove a cloud upon title filed by plaintiffs, Walter C. and Susan B. Walls, on 15 June 1981, alleging that defendants, H. G. and Catherine H. Grohman, claim an interest in fifty feet of plaintiffs' land.

The essential facts are:

Plaintiffs and defendants own adjoining lots on state road 1492 (Myrtle Grove Loop Road) in New Hanover County. Plaintiffs sought to move an old house to the northern edge of their property but were prevented from doing so by defendants' representation that they owned the portion of land in question, a tract approximately fifty feet wide. Plaintiffs brought this action to quiet title. All parties' titles originate from a common source, Mrs. Kittie Horn Lewis and husband, Henry G. Lewis. Plaintiffs' chain of title is as follows:

　　a) Kittie Horn Lewis and husband, Henry G. Lewis dated 21 June 1949.

　　b) Bruce Lewis and wife, Viola F. Lewis to Paul Griffin, Jr. and wife, Amanda Griffin dated 17 December 1955.

　　c) Amanda Griffin, widow to Walter C. Walls and wife, Susan B. Walls (plaintiffs) dated 9 November 1979.

Defendants' chain of title begins directly with a deed from Kittie Horn Lewis and husband, Henry G. Lewis to Catherine H. Grohman dated 28 October 1948.

Upon motion of the plaintiffs, this action to quiet title was assigned to a referee on 12 January 1982 by the Honorable Carter T. Lambeth, District Court Judge. On 26 January 1983, the referee filed a report with the district court compiled from matters of public record and a survey, but without a hearing, in which the referee concluded that plaintiffs' complaint failed to state a claim for which relief may be granted in that the description of the disputed land did not "cover any part of the 52 feet of gappage between the parties described tracts." The referee also found that "some findings of fact herein constitute evidence of possession" but the referee made no conclusions of law in favor of either party as to adverse possession, recommending instead that a hearing be held on that issue.

Plaintiffs excepted to the referee's first report and Judge Lambeth vacated and set it aside remanding the action for hearing on 15 September 1983.

A hearing was held before the referee on 5 October 1983. Based upon the referee's independent search of the public records of New Hanover County, evidence presented at the hearing and arguments of counsel, the referee made the following pertinent findings of fact:

6. The beginning point of [defendants'] deed is located without dispute as being the western right of way of State Road 1492, (120 feet from the centerline) 256 feet south of the northeast corner of Tract #5. [The entire tract of which plaintiffs' and defendants' lands are a part] The [defendants'] deed then calls for a distance along the road right of way of 242 feet to a stake. That distance does not extend the line to the southeast corner [of defendants' purported lot] as claimed by them, falling short about 51 feet.

7. The [plaintiffs'] deed calls for a beginning point at the [defendants'] southeast corner, and then runs along the roadway, south 212 feet to the P. T. Dicksey corner. That distance does not extend the [plaintiffs'] line to the P. T. Dicksey corner, falling short about 54 feet.

8. There is no disputed boundary between plaintiff[s] and any other owner of portions of Tract #5 but [defendants] . . . [T]his fact is consistent with Rules of Construction in that the [defendants'] call of 242 feet to a stake is not a call to a monument, and [defendants'] deed distance controls; however, the [plaintiffs'] call of 212 feet to the P. T. Dicksey corner is a call to an artificial monument (the adjoining landowner's line and corner) which was found to exist, and which controls over courses and distances in the resolution of inconsistent boundary line locations.

9. The Plaintiffs, although junior in time, have the better *record* title to that portion of land in dispute between them and the lands of Defendants. Since the Defendants' deed does not describe the land in question, their title will succeed or fail upon proof of adverse possession for not less than 20 years.

The referee then considered whether defendants had title to the disputed portion of land by adverse possession for not less than 20 years and made the following findings of fact:

1. The tract deeded to [defendants] was [Mrs. Grohman's] home tract on which the family residence was located. It had been farmed and the yards were tended for many years. When [Mrs. Grohman] was deeded the property in 1948 the line between [defendants'] tract [and that of] Bruce Lewis, [Plaintiffs' predecessor in title] had been surveyed and marked on the roadway with an iron pipe. Mrs. Grohman planted grass in the disputed area and had it tended under her supervision. [Mrs. Grohman's] father . . . farmed the two fields behind the house and had them cultivated up to the line claimed by the [defendants] until the time of his death in 1973.

2. Bruce Lewis . . . [plaintiffs' predecessor in title] had his land surveyed . . . in December 1955. As a result of the survey, he learned that his driveway and his well were on the [defendants'] side of the line . . . After Paul Griffin [also plaintiffs' predecessor in title] bought the tract, he moved the driveway and the well south of the line contended by [defendants], and did not claim or use any portion of the tract now in dispute as a claim of right.

3. Mrs. Grohman does not know what road frontage distance the deed called for, but claims all the lands to a stake her father showed her at the east terminus of the hedgerow, [planted by plaintiffs' predecessors in title, Bruce Lewis and Paul Griffin] and running westerly toward the walnut tree. Neighbors and former employees of Griffin and [Mrs.] Grohman agree to knowledge of that line as being the [defendants'] line.

The referee then concluded that while plaintiffs had better record title to the disputed land, defendants had been in exclusive possession of that disputed part of plaintiffs' tract south of the line called for in defendants' deed under a claim of right and title and that such possession by defendants had been actual, open, hostile, exclusive and continuous for a period of more than thirty years before plaintiffs were conveyed their tract.

On 14 November 1983, plaintiffs excepted to the second report of the referee and on 21 February 1984, the Honorable Elton G. Tucker, District Court Judge, entered an order finding, *inter alia*:

The Referee's report upon Findings set forth and enumerated . . . finds that the Plaintiff's have the better record title to the lands in dispute. This finding continues with the conclusion that the Defendants' title must succeed or fail upon proof of adverse possession for not less than 20 years. Defendants [sic] evidence reflected by both the Referee's report and by the transcript of the testimony introduced at the hearing on October 6, 1983 before the Referee indicates that the Defendants did not offer testimony controverting the record title of the Plaintiffs but sought to prove title by adverse possession. Defendants did not except to the Referee's report.

The order of the district court also found that defendants' possession of the disputed lands was not adverse, as adverse possession is defined under the laws of this state.

The district court then ordered title to the disputed lands quieted in plaintiffs and defendants appeal.

*Carr, Swails and Huffine, by James B. Swails, for plaintiff-appellees.*

*Crossley and Johnson, by John F. Crossley, and Hewlett and Collins, by Addison Hewlett, Jr., for defendant-appellants.*

EAGLES, Judge.

We note as a preliminary matter that defendants' failure to except to the findings of the referee that plaintiffs were vested with superior record title to the disputed lands makes the referee's findings conclusive on appeal. *In Re Hayes*, 261 N.C. 616, 135 S.E. 2d 645 (1964). Therefore, the sole question presented for review is whether defendants' possession of the disputed lands amounts to adverse possession under the well-settled principles of law in this state.

Under G.S. 1-40, adverse possession against an individual without color of title must run for 20 years before title ripens in the adverse possessor and is extinguished in the former owner. Adverse possession is defined as "the actual, open, notorious, exclusive, continuous and hostile occupation and possession of land of another" for the statutory period. Webster, Real Estate Law in North Carolina, Section 286 (Hetrick rev. 1981).

There was evidence at the referee's hearing that tended to show isolated acts of possession on the part of defendants as to portions of the disputed area. Mrs. Grohman testified that when the family division of the property of her mother and father was made, that it was her understanding that her land went to an iron stake and that it was her understanding that the property conveyed to her by her mother included the lands and premises which are the subject of this action. The property actually conveyed to Mrs. Grohman was by a deed that failed to convey the disputed lands.

This evidence, contained in the referee's report and in the transcript of the referee's hearing, was sufficient to support the district court's finding that

This testimony was apparently the basis of a conclusion by the Referee that the property claimed by Mrs. Grohman was within the boundaries of lands believed and claimed to be

theirs as a matter of right and title from and after the deed to Mrs. Grohman from her mother.

In *Sipe v. Blankenship*, 37 N.C. App. 499, 246 S.E. 2d 527 (1978), *cert. denied*, 296 N.C. 411, 251 S.E. 2d 470 (1979), this court held

> It is the rule in this State that a grantee's occupation of land beyond the boundary called for in his deed under the mistaken belief that it was covered by the description in his deed will not be considered to be adverse. Thus, where a grantee goes into possession of a tract of land conveyed and also takes possession of a contiguous tract under mistaken belief that the contiguous tract is also included within the description of his deed, no act on his part, however exclusive, open and notorious, will constitute adverse possession of the contiguous tract prior to the time he discovers that the disputed area was not covered by the description in this deed.

*Id.* at 505, 246 S.E. 2d at 532.

It is interesting to note that in *Sipe v. Blankenship, supra,* the following testimony appears

> I am not claiming any of Mr. Sipes' land. Just ours. I'm claiming where the old line was set up. What's always been the old line. My mother pointed out to me where this old line was.

37 N.C. App. at 506, 246 S.E. 2d at 532.

Here, there was similar testimony from Mrs. Grohman:

> [O]ur dad took us down and showed us the iron stake at each point . . . and said that was the property I was getting . . .

> The iron stake that he showed me on what I call the right side, that's the iron stake in question here today. The iron stake lines up with the hedgerow . . . [my husband] and I possessed that property. It was our property.

Mr. H. G. Grohman testified at the referee's hearing, "[n]ow with regard to this 50 feet in question, [Mrs. Grohman] and I recognized that as our 50 feet throughout the years."

In view of this testimony from defendants, there was sufficient evidence from which the district court could find and conclude that defendants exercised possession over the disputed area solely because they believed that it was in fact their land and that it was included in the description contained in their deed. Such possession may not be considered adverse. *Sipe v. Blankenship, supra; Price v. Whisnant,* 236 N.C. 381, 72 S.E. 2d 851 (1952); *Garris v. Butler,* 15 N.C. App. 268, 189 S.E. 2d 809 (1972). *But see, Chambers v. Chambers,* 235 N.C. 749, 71 S.E. 2d 57, *reh. den.* 236 N.C. 766, 72 S.E. 2d 8 (1952); *Battle v. Battle,* 235 N.C. 499, 70 S.E. 2d 492 (1952).

Defendants argue on appeal that the deed conveying the property to Mrs. Grohman said that the distance along the road right of way was 242 feet to a stake and that since defendant is presumed to know what was in the deed, the possession of the 50 feet not embraced in the deed can only be adverse. We disagree. The evidence clearly shows that Mr. and Mrs. Grohman both thought the land was theirs and there was no intent to hold the 50 feet in question adversely to anyone. "It is the occupation with the intent to claim against the true owner, which renders the entry and possession adverse." *Gibson v. Dudley,* 233 N.C. 255, 63 S.E. 2d 630 (1951).

For the foregoing reasons, the order of the district court quieting title to the disputed land is

Affirmed.

Chief Judge HEDRICK and Judge WHICHARD concur.